E. J. O'CONNER, ET AL., Respondents, *v.* STANDARD THEATRE COMPANY, ET AL., Appellants.

May 19, 1885.

1. PLEADING—AIDER BY VERDICT.—A defective statement of performance of a contract by the plaintiff in his petition, is cured by a verdict in his favor.

2. ——— In an action on a contract, where the answer makes no denial, but admits the contract and alleges specific breaches thereof, which are denied by the reply, the only issue is whether the contract was broken in the particulars alleged.

3. APPELLATE PRACTICE.—Appellate courts will not weigh evidence in law cases.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Affirmed.*

H. D. LAUGHLIN and M. F. TAYLOR, for the appellants.

The petition does not state facts sufficient to entitle the plaintiffs to recover upon the contract. *Bayse* v. *Ambrose*, 32 Mo. 484; *Yates* v. *Ballentine*, 56 Mo. 530; *Eyerman* v. *Cemetery*, 61 Mo. 489; *Wyman* v. *Life Insurance Co.*, 4 Mo. App. 577.

C. P. & J. D. JOHNSON, for the respondents.    The legal meaning and effect of the contract sued on is stated, and this is sufficient after verdict.—*Jones* v. *Louderman*, 39 Mo. 287; *Shaler* v. *Van Wormer*, 33 Mo. 387; *Yates* v. *Ballentine*, 56 Mo. 538.

THOMPSON, J., delivered the opinion of the court.

This was an action to recover a balance due upon a contract and to enforce a mechanic's lien for the same. The cause was tried by the court without a jury and the plaintiff had a verdict and judgment. Two points are made by the appellant.

I.    The first is that the petition does not state a cause of action.    This is predicated upon the fact that the petition recites that the plaintiffs agreed to put hot air furnaces in the defendants' building, without stating how many, and then alleges performance by stating that "in pursuance of said contract plaintiffs    *    *    * erected *four* of the said furnaces in the said building, in the manner provided for in the said contract." This seems to be a defective statement of performance; but the answer admits the making of the contract referred to in the petition, which was in writing and which had been filed in the cause, and then sets up certain particulars wherein it had not been performed, thus presenting the only issue in the case. Now, as the court could not have given the verdict which it did without finding for the plaintiff upon this issue and without finding that the contract had been performed by the plaintiff, the presumption is that the plaintiff gave evidence tending to prove the fact of performance which had been insufficiently averred; and therefore the case falls within the rule which allows a defective statement of a cause of action to be aided by verdict.—*Jones* v.

*Louderman*, 39 Mo. 287; *Shaler* v. *Van Wormer*, 33 Mo. 386.

II.   The second point is that the evidence and admissions did not tend to show a performance of the contract. Plaintiffs put in evidence the contract sued on, under which the plaintiffs agreed to "furnish all materials and put in hot air furnaces" in the defendants' theatre building, according to the following specifications: "The said furnaces to have a capacity for heating the building to a temperature of 70° when the thermometer indicates zero on the outside.   They are to heat the stage, rooms under the stage, entire auditorium, and put in connections complete for heating lobby, box office, and manager's office.   Also put in all necessary registers, hot air boxes and pipes to make the work complete in every particular." They also gave evidence, as the bill of exceptions recites, tending to prove all the allegations of the petition, and tending to show that they put in connections complete for heating the lobby, the box office, and the manager's office of the defendants' theatre, "but that no rigisters were placed therein."

The defendants then gave evidence tending to prove that no registers or hot air boxes were ever put into the lobby of the defendants' theatre building (and this was admitted by the plaintiffs); that the plaintiffs put in no furnace under the box office, or under the managers' office, or under the lobby, and made no connections between the furnaces put in by them and those parts of the building; and that the plaintiffs put cast iron registers in the stage, which were unsuitable and insufficient for the purposes of the stage of the theatre, and which broke as soon as subjected to the ordinary uses of a stage, so that the defendants were obliged to replace them with wrought iron registers.   As to whether the furnaces put in by the plaintiffs were capable of heating the auditorium and stage of the building to the required temperature of 70° on the inside, when the thermometer stood at zero on the outside, the evidence was conflicting.

We think that there was evidence here tending to show

the performance of the contract according to its terms. It is true that the plaintiffs admitted that no registers or hot air boxes were ever put into the lobby, and this is the only point in respect of which there is any room for argument that there was no evidence tending to show a performance of the contract. But on recurring to the contract it will be observed that it did not in terms require the plaintiffs to put boxes into the lobby. It required them to "put in all necessary registers, hot air boxes or pipes to make the work complete in every particular," but there was no evidence that boxes in the lobby were necessary for heating that part of the building. It must therefore be held that the plaintiffs' evidence *tended* to show performance of their contract in all its parts; and whether it was *sufficient* to show this was of course a question for the trier of the facts.

The judgment will be affirmed. All the judges concur —Judge Rombauer in the result.