THE TOPEKA COMMERCIAL SECURITY COMPANY v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF HARPER.

No. 12,207.  (65 Pac. 660.)

SYLLABUS BY THE COURT.

1. TAXATION—*Action against County for Refunding.*  A petition which alleges the sale and conveyance of land for taxes which was not subject to taxation; that it was subsequently adjudged in a court of competent jurisdiction that the land was not taxable, and that the sale and conveyance were invalid; that a quitclaim deed by the holder of the tax title was tendered to the board of county commissioners and application made, in due time, for the refunding of the taxes and charges paid on the land, states a cause of action against the board.

2. ——— *Sufficient Averment of Fact.*  An averment that the title to the land was in the United States, and that it was not subject to taxation, is more than a conclusion; it is a statement of fact sufficient to withstand a demurrer.

Error from Harper district court;  G. W. McKAY, judge.    Opinion filed July 6, 1901.    Division one. Reversed.

*S. W. Leslie,* and *D. H. Martin,* for plaintiff in error.

*R. P. McColloch,* county attorney, and *H. Llewelyn Jones,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. :  This was an action by the Topeka Commercial Security Company against the board of county commissioners of Harper county to recover taxes, charges and interest paid upon lands which were not subject to taxation.    The plaintiff's petition substantially alleged that taxes were collected for a period of four years, ending in 1890; that the lands were sold for taxes to L. A. Bigger, and that, in 1891, Bigger, being the owner and holder of certificates of

sale, presented them to the officers of the county and received tax deeds to the lands sold; that thereafter, for value, Bigger sold and quitclaimed his interest in the lands, and all the rights obtained by the payment of taxes, to the Topeka Commercial Security Company.

It was further alleged that at the time the taxes for which the lands were sold were levied and assessed, and at the time of the sale, the title to the lands was in the United States, and that they were not subject to taxation; and that neither Bigger nor his grantee had any knowledge of the fact that the lands were not taxable at the time of the tax sale or the subsequent payment of taxes on the lands. It was further averred that in October, 1894, in an action brought by the security company to recover the lands under the tax title which it then held, the district court of Harper county adjudged the assessments, tax sale and deed issued thereon to be void, and that afterward, on January 7, 1897, the security company tendered a conveyance of the lands to the county commissioners, and demanded a refunding of the taxes illegally collected. The county commissioners disallowed the claim and refused to refund the taxes. A demurrer to the petition was filed, which was sustained by the court. The ruling cannot be sustained.

The averments of the petition bring the case clearly within the provisions of section 146 of the law relating to taxation, and entitle the plaintiff to a refunding of the taxes and charges paid, with interest thereon. (Gen. Stat. 1901, § 7685; *Comm'rs of Saline Co. v. Young*, 18 Kan. 440; *Richards v. Comm'rs of Wyandotte Co.*, 28 Kan. 326.) In support of the ruling, it is said that the mere averment "that the land is not taxable" is not a statement of fact, but is a conclu-

Security Co. v. Harper County.

sion of law, and not entitled to any weight in determining the demurrer. It is also said that the land is Osage trust and diminished reserve land, and that, while the title thereto is in the United States, such lands may become subject to taxation under the laws of the state in certain contingencies; and that it devolved upon the plaintiff to state the facts fully, showing that the lands were not taxable, and, not having done so, the petition is insufficient. The petition does in terms allege that the lands were not subject to taxation, and in the early case of *L. L. & G. Rld. Co. v. Leahy*, 12 Kan. 124, it was held that such an averment is a statement of fact, and while it may be liable to attack by motion it is sufficient as against a demurrer. In *Comm'rs of Saline Co. v. Young*, supra, the same question was up for consideration, and an averment that the land belonged to the United States and was not taxable was deemed a sufficient statement of fact to withstand a demurrer.

Under the case last cited, it appears that the claim made that an action was barred by the two-year statute of limitations is without force. The case was commenced within less than three years after the sales were adjudged to be invalid, and is, therefore, not barred.

The judgment of the district court will be reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings.

DOSTER, C.J., GREENE, POLLOCK, JJ., concurring.