THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE v. THE EQUITABLE INVESTMENT TRUST COMPANY.

No. 15,927.

SYLLABUS BY THE COURT.

JUDGMENTS—*Petition—Collateral Attack.* Where a court has jurisdiction of the subject-matter of an action and of the parties, a petition which alleges sufficient facts to challenge the attention of the court as to its merits, and to authorize the court to deliberate and act, is sufficient to sustain a judgment rendered in the action upon evidence, as against a collateral attack on the ground that the judgment is void; and this although the petition may have been demurrable on the ground that it did not state facts sufficient to constitute a cause of action.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed July 3, 1909. Affirmed.

*Joseph Taggart,* county attorney, and *Nathan Cree,* for the plaintiff in error.

*Bird & Pope,* and *W. T. Reed,* for the defendant in error.

The opinion of the court was delivered by

SMITH, J.: The investment company brought this action against the board of county commissioners. The petition alleged that in 1901 the plaintiff purchased

of the defendant certain tax-sale certificates on a number of lots sold by the treasurer of the county for the delinquent taxes of 1896; that in 1902 the county clerk of the county issued to the plaintiff a tax deed for the property; that thereafter the plaintiff paid the taxes on the land for the year 1901; that the tax deed and certificates were thereafter adjudged invalid by the court of common pleas of Wyandotte county; that the plaintiff had asked the defendant to refund to it the money paid for the certificates and the subsequent taxes, and that this request had been refused. The petition further contained an offer to execute and deliver a quitclaim deed to such person or persons as the defendant might direct, and alleged that by reason of the premises and the statutes of the state of Kansas the plaintiff was entitled to a return of the amounts it had paid, with interest, and prayed for judgment accordingly.

The defendant filed a demurrer to this petition, and, upon that being overruled, answered. The plaintiff replied by a general denial.

Afterward the case came regularly on for trial, and, the defendant failing to appear, the plaintiff introduced its evidence and the court rendered judgment in its favor. No exception was taken to the evidence or to the judgment rendered, and no motion for a new trial was filed. In fact nothing was done by the defendant at that term of court.

At the third term of court thereafter the defendant filed a motion to vacate and set aside the judgment on the grounds that the court was without jurisdiction to render it, that the petition stated no cause of action, and that the judgment was utterly null and void. The court denied the motion, and the case is brought here to review that order.

The action was evidently based on section 7685 of the General Statutes of 1901. Section 121 of chapter 107 of the General Statutes of 1868, in part, reads:

"If, after the conveyance of any land sold for taxes,

it shall be discovered or adjudged that the sale was invalid, the county commissioners shall cause the money paid therefor on the sale, and all subsequent taxes and charges paid thereon by the purchaser or his assigns, to be refunded, with interest on the whole amount at the rate of ten per cent. per annum, upon the delivery of the deed to be canceled."

In 1879 this section was changed to its present form by substituting this clause: "the board of county commissioners may, by proper order, cause the money paid therefor on the sale, together with such subsequent taxes and charges paid thereon by the purchaser or his assigns as they may judge proper" (Laws 1879, ch. 40, § 3; Gen. Stat. 1901, § 7685), in lieu of the clause: "the county commissioners shall cause the money paid therefor on the sale, and all subsequent taxes and charges paid thereon by the purchaser or his assigns, to be refunded." In other respects the old section was reënacted.

The defendant claims that the language of the statute as it now stands, emphasized by the fact of the amendment, leaves no doubt that the law makes it a matter of discretion in the board of county commissioners whether they will cause the refund to be made or not, and that the court has no power to compel the exercise of that discretion or to compel payment where the discretion has been exercised by the commissioners adversely to the claim of the plaintiff.

We are not prepared to say that this is not a correct interpretation of the law, but, if so, it does not follow that the judgment is void. The abstract furnished does not advise us what evidence was introduced upon which the court acted. The evidence may have disclosed that the taxes upon which the sales and deed were based were illegal and levied for an entirely unlawful purpose or that the lands were not taxable. If such or other defense were shown by the evidence, although not averred or insufficiently averred in the petition, the case comes within the rule which allows a defective

statement of a cause of action to be aided by the verdict or by a finding of the court. (*O'Conner v. Standard Theater Co.*, 17 Mo. App. 675; *Delashman v. Berry*, 21 Mich. 316.)

It was alleged in the petition that by reason of the facts stated therein and the statutes of the state of Kansas the plaintiff was entitled to judgment against the defendant. This was not a very good statement of fact, but it was sufficient to challenge the attention of the court to the consideration of the statute referred to. It is said that "may" and other words used in the amended statute conclusively show that it is a matter in the discretion of the county commissioners, whereas, the word "shall," used in the old statute, made the refunding of the money paid mandatory. This may be a correct interpretation of the statute, but that was a matter for the consideration of the court, and the court, having jurisdiction, had a right to decide it. Having had the power to decide, its judgment is equally conclusive, whether its decision be right or wrong, until such judgment is reversed in proper proceedings for that purpose in an appellate court.

The defendant, having been summoned into court, was compelled to take cognizance of all subsequent proceedings, and if it was aggrieved by the action of the court its remedy was by appeal; and it could not lie dormant until all remedy in the way of appeal had become unavailable and then go into court and ask that the judgment be set aside as void. (See *Brenholts v. Miller, ante,* p. 185; *Manley v. Park*, 62 Kan. 553; *Rowe v. Palmer*, 29 Kan. 337; *Walkenhorst v. Lewis*, 24 Kan. 420; *Head v. Daniels*, 38 Kan. 1.)

The judgment is affirmed.