THE EQUITABLE INVESTMENT TRUST COMPANY, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE *et al.*, *Appellants*.

No. 17,485.

SYLLABUS BY THE COURT.

MANDAMUS—*Levy of Taxes—Judgment—Collateral Attack.* An application for a mandamus to compel the levy of a tax to pay a judgment against a county can not be defeated by a showing that the judgment was based upon a claim, for the payment of which no obligation rested upon the county, and which, except for the judgment, the county could not have been required to pay.

Appeal from Wyandotte court of common pleas. Opinion filed March 9, 1912. Affirmed.

*James M. Meek,* county attorney, for the appellants; *Nathan Cree,* of counsel.

*Bird & Pope,* for the appellee.

The opinion of the court was delivered by

MASON, J.: The Equitable Investment Trust Company recovered a money judgment against Wyandotte county. It then obtained a peremptory writ of mandamus against the county commissioners requiring them to levy a tax to pay the judgment. From the order allowing the writ the defendants appeal.

The defendants maintain that they should not be required to levy a tax to pay the judgment because, as shown by the petition in the original action, the county was not liable upon the claim there made against it. The petition asked a recovery of the amount the plaintiff had paid the county for a tax deed which had been adjudged invalid. The statute provides that in such circumstances the commissioners *may* by proper order cause the money paid for the deed to be refunded (Gen. Stat. 1909, § 9488), but otherwise there seems to be no liability upon the county. The defendants insist that

for this reason the judgment was void. This contention was examined and denied upon an appeal from the judgment. (*Wyandotte County v. Investment Co.,* 80 Kan. 492, 103 Pac. 996.) In some jurisdictions it is held that a judgment rendered upon a petition which does not state a cause of action is utterly void, but the weight of authority is to the contrary (23 Cyc. 1093, 1094); and this court has long been committed to the doctrine that a petition which states no cause of action will sustain a judgment, good against a collateral attack, "if it contains sufficient matter to challenge the attention of the court as to its merits" (*Rowe v. Palmer,* 29 Kan. 337, 340; *Clevenger v. Figley,* 68 Kan. 699, 75 Pac. 1001; *Ayres v. Deering,* 76 Kan. 149, 90 Pac. 794; *Brenholts v. Miller,* 80 Kan. 185, 101 Pac. 998). "Of course, if a mere blank paper is filed as a petition, jurisdiction would not attach, because there would be nothing for the court to act upon." (*Bryan v. Bauder,* 23 Kan. 95, 97.) A petition asserting liability of the county for the return of what it has received for an invalid tax deed may not state a cause of action, but it has sufficient plausibility to challenge the attention of a court. Two recoveries on such petitions have been sustained in this court, although the matter under discussion was not considered in either. (*Flint v. Comm'rs of Jackson Co.,* 43 Kan. 656, 23 Pac. 1048; *Security Co. v. Harper County,* 63 Kan. 351, 65 Pac. 660.) The statute specifically authorized a recovery in such a case until amended in 1879 (Laws 1879, ch. 40, § 3, Gen. Stat. 1909, § 9488), and even were it conceded that the amendatory act is open to no possible construction other than that given it by the defendants, an argument could doubtless be made against its validity that would not be regarded as frivolous.

It follows from the principle stated that in an application for a mandamus to compel the levy of a tax to pay a judgment against a county the validity of the judgment can not be successfully assailed by a showing

that it was based upon a groundless claim. The authorities sustain this view with practical if not absolute unanimity. The defendants, however, present an argument substantially to this effect: The placing in judgment of a claim against a municipality does not alter its essential character; the adjudication amounts merely to an auditing and allowance of the demand; the rights of the plaintiff are still measured by the character of his original claim, and this must be ascertained when he seeks payment by mandamus, in order to determine the nature and extent of the relief to which he is entitled; in the present case, an examination of the petition shows that the facts as stated by the plaintiff impose no liability whatever upon the county, and therefore no aid should be given for the enforcement of the judgment.

The difficulty with this reasoning is that it denies the conclusive effect of the judgment; it conflicts with the proposition that the judgment decides the law as well as the facts, and determines that the county is liable to the plaintiff. It is true the petition may be examined for the purpose of ascertaining how the plaintiff's claim originated, wherever that consideration can have any effect upon the manner of its payment. (*Comm'rs of Osborne Co. v. Blake*, 25 Kan. 356; *Gd. Isl. & Wyo. R. R. Co. v. Baker, Treas., etc., et al.*, 6 Wyo. 369, 45 Pac. 494, 34 L. R. A. 835, 71 Am. St. Rep. 926.) If the commissioners had already levied as large a tax as the law permitted them to do to pay a certain class of claims, as in the Kansas case just cited, it would be pertinent to investigate the claim upon which the plaintiff's judgment was based to see whether it belonged to that class; or if the commissioners were forbidden by law to levy a tax to pay any claim except those of a certain character, as in the Georgia case hereafter referred to, it would be necessary to go behind the plaintiff's judgment to learn whether it was founded upon a claim falling within the exception. But no such situation is

here presented. The statute provides that when a judgment is rendered against a county the commissioners shall levy a tax to pay it. (Gen. Stat. 1909, § 2064.) There is no suggestion that a levy had been made up to the statutory limit, and there seems no occasion here for a classification of the plaintiff's demand. If such a classification were necessary it could be made in this manner: Under some circumstances a county may be liable for the repayment of money received for an invalid tax deed—for instance, when the commissioners have made an order therefor—and in view of the judgment the plaintiff's demand must be considered as of that character, and accorded the same treatment.

These views are sustained by abundant authority. Indeed there seems to be no actual decision to the contrary. The two cases most relied upon for a reversal are readily distinguishable upon the facts, although in each language is used having some tendency to support the defendants' argument. They are *Brunson v. Caskie,* 127 Ga. 501, 56 S. E. 621, 9 L. R. A., n. s., 1002, already referred to, and *Brownsville v. Loague,* 129 U. S. 493. In the Georgia case a mandamus was asked to compel the levy of a tax to pay a judgment rendered against a county on account of damages sustained by reason of a defective highway. The constitution forbade a county to levy a tax except for certain specified purposes, which did not include either the payment of judgments generally or the payment of damages caused by defective highways. The mandamus was refused, as it must have been if the constitution was to be respected. In the federal case a judgment was rendered upon bonds which had been issued after the repeal of the statute which authorized them, and which was the only statute providing for the levy of a tax to pay the bonds, there being no statutory provision for the levy of a tax to pay a judgment as such. In that situation it was held that the legislature having repealed not only the act that authorized the issuance of the bonds, but

also the only act that authorized the levy of a tax to pay them, the plaintiff was without remedy. For present purposes it matters not whether these cases were well decided. The existence here of a statute in set terms requiring the levy of a tax to pay a judgment against a county serves to distinguish this case from either of those mentioned. This ground of distinction, with others, is fully treated in a note to the Georgia case in 9 L. R. A., n. s., 1002, where the decisions upon related questions are collected, and where it is said:

"It has been frequently declared in very general terms that all defenses relating to the validity of the claim on which a judgment against a county or municipality is based are concluded by the judgment, and that the validity of the claim can not be litigated in mandamus proceedings to enforce the judgment. . . . And, more specifically: A judgment can not be attacked in mandamus proceedings to enforce it, upon the ground that the claim upon which it was rendered was void." (p. 1004.)

The judgment is affirmed.