No. 21,859.

ELLA P. GRIMES, *Appellant*, v. GRANT RANEY et al., as the Board of County Commissioners of the County of Stanton, *Appellees*.

SYLLABUS BY THE COURT.

INVALID TAX SALE—*Discretion of County Commissioners to Refund Money Received.* Where, after the conveyance of land sold for taxes, it is discovered or adjudged that the sale was invalid, the allowance of a claim for the refunding of the money and subsequent taxes and charges paid by the purchaser or his assigns lies in the discretion of the county commissioners (Gen. Stat. 1915, §11461), and where they have rejected the claim no action can be maintained against the county to recover the payments.

Appeal from Stanton district court; GEORGE J. DOWNER, judge. Opinion filed January 11, 1919. Affirmed.

*H. P. Jones,* of Syracuse, for the appellant.
*R. J. Shetler,* of Johnson, for the appellees.

The opinion of the court was delivered by

PORTER, J.: In 1890 Stanton county erroneously placed certain government land upon its tax rolls, and in 1895 issued a tax deed purporting to convey the land to the grantee named therein. Plaintiff, who succeeded to the grantee's rights, presented her claim against the county, asking the reimbursement for the amount of the taxes paid and interest, the claim aggregating $126.54. The claim was rejected, and she brought this action against the county. The court sustained a demurrer to the petition, and the only question involved is whether the allowance of such a claim is a matter of discretion with the

board of county commissioners. Prior to 1879, the statute read:

"If, after the conveyance of land sold for taxes, it shall be discovered or adjudged that the sale was invalid, the county commissioners shall cause the money paid therefor on the sale, and all subsequent taxes and charges paid thereon by the purchaser or his assigns, to be refunded, with interest on the whole amount at the rate of ten per cent per annum, upon the delivery of a quitclaim deed from the party claiming under the tax deed, executed to such person or persons as the commissioners may direct. In all such cases, no interest shall be allowed after the person claiming under the tax deed shall have received notice that such deed has been discovered or adjudged invalid." (Laws 1876, ch. 34, § 146.)

In 1879 the statute was amended so as to read—

"The board of county commissioners may, by proper order, cause the money paid therefor on the sale, together with such subsequent taxes and charges paid thereon by the purchaser or his assigns as they may judge proper, to be refunded," etc. (Laws 1879, ch. 40, § 3, Gen. Stat. 1915, § 11461.)

Recoveries on similar petitions have been sustained in *Flint v. Comm'rs of Jackson Co.*, 43 Kan. 656, 23 Pac. 1048, and *Security Co. v. Harper County*, 63 Kan. 351, 65 Pac. 660, but as noted in *Investment Co. v. Wyandotte County*, 86 Kan. 708, 709, 121 Pac. 1097, the question now under discussion was not considered. In the case last cited, it was said in the opinion:

"The statute provides that in such circumstances the commissioners *may* by proper order cause the money paid for the deed to be refunded. (Gen. Stat. 1909, § 9488), but otherwise there seems to be no liability upon the county." (p. 708.)

The question, however, was not directly involved because the decision turned upon another matter.

A case growing out of the same erroneous tax had been before the court in *Wyandotte County v. Investment Co.*, 80 Kan. 492, 103 Pac. 996, and, referring to the contention of the county that the statute as amended "leaves no doubt that the law makes it a matter of discretion in the board of county commissioners whether they will cause the refund to be made or not" (p. 494), it was said in the opinion:

"We are not prepared to say that this is not a correct interpretation of the law, but, if so, it does not follow that the judgment is void." (p. 494.)

These expressions of the court, while not controlling, are

persuasive. It is hardly conceivable that the legislature changed the wording of the statute with any other intention than to make the matter of an allowance of a claim of this character entirely discretionary with the board. If there is any way possible, the plaintiff ought to be allowed to recover money paid through a mistake of this kind and unjustly retained by the county. But the legislature has not always proceeded upon the theory that the state and its various subdivisions should do justice. Frequently, legislatures are impressed with the advisability of preventing, rather than encouraging the allowance of claims against the state, however meritorious.

Stanton county has in its hands funds belonging to the plaintiff, paid under a mistake of the county, and which the county has no right to retain. The statute, as amended, no longer requires the board of county commissioners, in passing upon such a claim, to do what is right and fair; it merely declares that the county may refund the money it unjustly holds, as the commissioners "may judge proper." Until the legislature sees fit to require the county boards in such cases to do what is right and equitable, the plaintiff is without remedy.

The court concludes that the judgment must be affirmed.