No. 28,542.

MARGARET C. NORTHRUP STALEY et al., *Appellants*, v. DAVID ESPEN-LAUB, SAMUEL CLARKE and PETER KRAMER, as the Board of County Commissioners of the County of Wyandotte, *Appellees*.

(274 Pac. 261.)

Opinion filed February 9, 1929.

*Thomas E. Joyce*, of Kansas City, for the appellants; *Anthony. P. Nugent*, of Kansas City, Mo., of counsel.

*John E. McFadden* and *Errett P. Schrivner*, both of Kansas City, for the appellees; *O. Q. Claflin, Jr.*, of Kansas City, of counsel.

The opinion of the court was delivered by

BURCH, J.: The action was one of ejectment, to recover what is known as the old Wyandotte county courthouse site in Kansas City, Kan. In its answer the county prayed that its title be quieted against plaintiffs. When the case was called for trial plaintiffs dis-

missed. The trial proceeded on the answer, and judgment was rendered in the county's favor. Afterwards plaintiffs moved to set aside the judgment on the ground it was void. The motion was denied and plaintiffs appeal from the order denying the motion and from the judgment itself.

The original petition was amended. The amended petition alleged that plaintiffs have an equitable estate in and are entitled to the immediate possession of the land in controversy, which was described; that plaintiffs are the heirs at law of Margaret Clark Northrup and Hiram M. Northrup, both deceased, who were the immediate grantors of the then board of county commissioners of Wyandotte county; that the real estate was conveyed for the express purpose, and no other, of use as a site for a county courthouse; that a courthouse was erected, and the site and building were used for a courthouse until July, 1927, when the site was abandoned for use for courthouse purposes; that notwithstanding the abandonment and an understanding with plaintiffs' ancestors, both oral and written, the written agreement being lost, that the site would revert to the Northrups, or if they were dead to their heirs, the Wyandotte county commissioners were about to sell and convey the site. The amended petition was verified by Margaret C. Northrup Staley, one of the plaintiffs, on her own behalf, and as agent and attorney for her coplaintiffs.

The material portions of the answer to the amended petition follow:

"Defendants, for answer to the amended petition of the plaintiff herein, say:

"First: They admit that Hiram M. Northrup and Margaret Clark Northrup were the immediate grantors to the then county commissioners of Wyandotte county, Kansas, of the real property described in plaintiffs' amended petition, and that defendants are now and have at all times in said amended petition set forth been in possession of said described real property.

. . . . . . . . . . .

"Third: Further answering, said defendants say to the best of their information, knowledge and belief, and therefore charge the fact to be upon such information, knowledge and belief, that no understanding or agreement, either oral or in writing, was made and entered into between the said Hiram M. Northrup, Margaret Clark Northrup, and the then board of county commissioners of Wyandotte county, Kansas, that the real estate and improvements described in said amended petition would at any time or under any condition revert to the heirs of Margaret Clark Northrup and Hiram M. Northrup, as in said amended petition alleged.

. . . . . . . . . . .

"Wherefore, defendants pray that plaintiffs take nothing by their action, that

the court find that plaintiffs have no interest in, lien on or title to said real property described in plaintiffs' amended petition, and that defendant's title be quieted against any claim or pretended claim of the plaintiffs or any person claiming by, through or under them, and that defendants have judgment for their costs herein."

No reply to the answer was filed. The case was called for trial on May 14, 1928. As indicated, when the case was called for trial plaintiffs dismissed. The county counselor announced that defendant had a prayer for affirmative relief and desired to introduce testimony. The attorney for plaintiffs stated he had been called into the case for the purpose of dismissing it, that was his only purpose in the case, and he was merely in court to dismiss the petition. The court directed that the trial proceed on the answer. The county counselor made an offer of evidence, and the following then occurred:

"Mr. Nugent: If the court please, we are not appearing in this case, in any way.

"The Court: All right.

"(Mr. Nugent and Mrs. Staley, plaintiff, leave the courtroom at this time.)"

Defendant then introduced its evidence, and on the same day, May 14, 1928, the court rendered judgment quieting the county's title.

On May 17, 1928, plaintiffs filed the following motion:

"Motion to Vacate and Set Aside Judgment.

"Now come the plaintiffs in the above-entitled cause, and appearing specially and solely for the purpose of this motion only, move the court for an order vacating and setting aside and holding for naught its judgment heretofore entered on May 14, 1928, for and in behalf of the defendants and against these plaintiffs, herein specially appearing, attempting to quiet title in these defendants and against these plaintiffs on the answer filed by those defendants to plaintiffs' amended petition heretofore dismissed by plaintiffs on May 14, 1928, before rendition of said judgment and before testimony was introduced, for the following reasons, to wit:

"1. That defendants' answer to plaintiffs' amended petition heretofore dismissed by plaintiffs on May 14, 1928, before rendition of said judgment and before any testimony was introduced, does not state facts sufficient to constitute a cause of action against these plaintiffs.

"2. That the defendants, David Espenlaub, Samuel Clarke, and Peter Kramer, commissioners of Wyandotte county, Kansas, are not the proper parties to an action by or against Wyandotte county; therefore not the proper parties to maintain an action to quiet title to any lands claimed by said county.

"3. That said answer does not constitute a counterclaim, nor does it ask for affirmative relief.

"4. That defendants' answer does not describe any real estate to which they seek to quiet title.

"5. That defendants' answer does not allege that plaintiffs have made an adverse claim to any real estate to which defendants claim ownership.

"6. That the evidence introduced by defendants was not sufficient to support a judgment in favor of defendants against these plaintiffs.

"7. That since defendants' answer contained no counterclaim and asked for no affirmative relief, the judgment is null and void because the entire case was dismissed by plaintiffs.

"THOMAS E. JOYCE,

"*Attorney for plaintiffs appearing specially and solely for the purpose of this motion.*"

On May 22, 1928, and pending hearing on the motion, the county, by leave of court, filed an amended answer to conform to the proof and to the findings of fact embraced in the judgment. Considered as a basis for the relief prayed for and granted, the amended answer was without fault. On May 26, 1928, the motion to set aside the judgment was denied.

Passing by without discussion the relation of plaintiffs to the case as soon as they dismissed, the so-called special appearance, for purpose of the motion to set aside the judgment, was a general appearance in the proceeding to quiet title. The first ground of the motion was a belated demurrer to the answer, and sufficiency of evidence to sustain the judgment was challenged. Besides that, plaintiffs have appealed generally from the judgment, and assign errors which relate to procedure and not to authority to proceed. Therefore the appeal is to be considered precisely as though at the beginning of the trial on the answer plaintiffs had announced a general appearance and had been present throughout the trial.

The second ground of the motion to set aside the judgment raises the question, Who was sued and who answered?

The title of the amended petition named defendants as follows: "David Espenlaub, Samuel Clarke, and Peter Kramer, commissioners of Wyandotte county, Kansas." The amended petition alleged that defendants "abandoned said courthouse and real estate from further use of county courthouse purposes, and did on said date remove the county offices of Wyandotte county, Kansas, from said building and real estate."

Clearly this was exercise of corporate power. The amended petition further alleged that "the Wyandotte county commissioners" were threatening to sell and convey the real estate, "notwithstand-

ing demand had been made upon said commissioners in their official capacity" to take no steps inconsistent with the rights of plaintiffs. The prayer for judgment was that "the defendants as commissioners of Wyandotte county" be ejected from the premises. At an early stage of the action plaintiffs filed and used in a hearing before the court the following affidavit:

"Margaret C. Staley, being first duly sworn, on her oath says that she is one of the plaintiffs in the above-entitled action, and that she is the granddaughter of Hiram M. Northrup and his wife, and the daughter of Milton C. Northrup, who was the son of Hiram M. Northrup and his wife.

"And affiant further says that this action is one in ejectment, to test the title to certain lots in Kansas City, Kan., which constitute the old courthouse site.

"That it is the contention of the plaintiffs that they are the owners of said property and entitled to possession thereof."

The adverse interest was the interest of the county. While the precise statutory name by which the county should have been sued, "The board of county commissioners of the county of Wyandotte" (R. S. 19-105), was not used, identity of the defendant was unmistakable. If either party to the action had complained to the district court, the court would have disregarded the variance in name (R. S. 60-760), or would have summarily ordered the variance to be corrected, or would have treated it as corrected (*Railroad Co. v. Saline County*, 69 Kan. 278, 76 Pac. 865). The title of the answer is not abstracted, and for all this court knows it may have concluded, after the names of the individuals, with the characterization "as the board of county commissioners of Wyandotte county." The body of the answer dealt with the same interest as the petition. The answer was signed "J. E. McFadden, county counselor." The answer was verified by Samuel Clarke, who said he was "chairman of the board of county commissioners of Wyandotte county, Kansas, the defendant above named." The subject of who was answering was made very plain by the amended answer, and the court concludes its discussion of this rather trivial subject by announcing that the county was sued, the county answered, and the county recovered judgment quieting its title against plaintiffs.

The fourth ground of the motion to set aside the judgment as void is that the answer did not constitute a counterclaim. Before plaintiffs dismissed the answer had not been attacked by demurrer, or motion to strike out, or in any other manner. Whether the answer

stated a defense, or a counterclaim, or a right to relief concerning the subject of the action (R. S. 60-710), was not a matter of dispute, and a ruling by the court on the subject had been waived. As soon as plaintiffs dismissed it made no difference what kind of claim the answer would have presented if plaintiffs had not dismissed. The answer became in effect a petition to quiet title, and authority of the court to consider it did not depend on its relation to the petition. Aside from this it is the policy of the law to discourage multiplicity of suits and to encourage the final adjudication of all interests of adverse claimants in a single tract of land in one action. Pursuant to this policy assertion of a cause of action to quiet title in an answer to a petition in ejectment, is a common practice in this state.

The judgment does not rest on the answer; it rests on the amended answer. Power to permit amendment of the answer after judgment was specifically conferred on the court by R. S. 60-759. No objection to allowance of the amendment was interposed in the district court. After the amendment was made no step of any kind was taken to get rid of the amended answer or to impeach its propriety or effectiveness. Plaintiffs stood on their motion directed against the original answer and the result is an assignment of error in this court that the district court abused its discretion and improvidently permitted the answer to be amended may not be considered.

When the amended answer was filed by leave of court it superseded the original answer. The motion, so far as it challenged sufficiency of the original answer to sustain the judgment, no longer had any office to perform, and the question whether the original answer stated a cause of action good as against a demurrer became moot.

Except for a minor subject to be given brief attention, this opinion should end here. In view, however, of the great stress placed by plaintiffs on the fact the original answer did not state a cause of action, some observations may be made with reference to the unimportance of that subject.

As indicated, the original answer was not attacked by demurrer. Plaintiffs waited until after judgment had been rendered, and then moved to set aside the judgment on the ground the answer did not state a cause of action. Concerning this practice this court has said:

"If the defendant's contention is correct, then in any case where a petition would be held insufficient to state a cause of action, if demurred to, it would be better not to incur the expense of presenting a demurrer and taking an appeal from an adverse ruling, since the final judgment might at any time be set aside on motion." (*Brenholts v. Miller*, 80 Kan. 185, 186, 101 Pac. 998.)

In the case of *Bryan v. Bauder*, 23 Kan. 95, the petition of an administrator for authority to sell real estate did not describe the land to be sold. It was held the petition was not fatally defective, and the omission did not render the sale void, or the deed invalid. In the opinion the court said:

"Whether the petition is in proper form, or sets forth sufficient facts, are matters for the determination of the court in the exercise of its jurisdiction. Of course, if a mere blank paper is filed as a petition, jurisdiction would not attach, because there would be nothing for the court to act upon; but when a petition contains sufficient matters to challenge the attention of the court as to its merits, and such a case is thereby presented as authorizes the court to deliberate and act, although defective in its allegations, the cause is properly before the court. . . ." (p. 97.)

In an action to quiet title in which the decisive question was ownership, it was held it was not necessary that ownership be directly alleged, to give the court authority to act. (*Illingsworth v. Stanley*, 40 Kan. 61, 19 Pac. 352.) In an action which could be maintained only by one in possession of land, it was held it was not necessary that possession be specifically alleged in order that the court might proceed. (*Pattison v. Kansas State Bank*, 121 Kan. 471, 247 Pac. 643.) In the case of *Rowe v. Palmer*, 29 Kan. 337, it was insisted that land the subject of an action of ejectment was defectively and indefinitely described in the petition. In the opinion the court said:

"It is not necessary for us to decide whether the petition states such a cause of action as would be good if challenged by a demurrer. If it contains sufficient matter to challenge the attention of the court as to its merits, and such a case is thereby presented as to authorize the trial court to deliberate and act, a judgment rendered thereon is not void." (p. 340.)

In the case of *Wyandotte County v. Investment Co.*, 80 Kan. 492, 103 Pac. 996, the syllabus reads:

"Where a court has jurisdiction of the subject matter of an action and of the parties, a petition which alleges sufficient facts to challenge the attention of the court as to its merits, and to authorize the court to deliberate and act, is sufficient to sustain a judgment rendered in the action upon evidence, as against a collateral attack on the ground that the judgment is void; and this although the petition may have been demurrable on the ground that it did not state facts sufficient to constitute a cause of action."

There are numerous decisions of this court to the same effect. In this instance the admission contained in the first paragraph of the answer was sufficient as a statement of facts, and disclosed to the court title in the county derived from Hiram M. and Margaret Clark Northrup, and possession of land. The third paragraph disclosed what might be used as the basis of an adverse claim by the Northrup heirs, and denied existence of valid ground for the claim. The prayer is a statutory and necessary part of a petition (R. S. 60-704; *Webster v. Broeker*, 97 Kan. 219, 221, 155 Pac. 15) and of an answer asking for affirmative relief (R. S. 60-710). The prayer of a pleading may always be looked to as an aid to interpretation, and in this instance the prayer disclosed that the answer was directed against plaintiffs. All that was lacking to state a cause of action to quiet title was an affirmative allegation that plaintiffs were making the unfounded claim, as the prayer inferentially indicated, and a description of the land. The land was referred to as that described in plaintiffs' amended petition. If the reference did not in strictness adopt the description in the amended petition the description might have been expressly adopted by reference to save repetition and the amended petition lay, with other papers pertaining to the case, in the court's files. Nobody questioned sufficiency of the answer. If defects had been pointed out to the court they could have been remedied instanter without delaying trial, and the case came on for trial on the petition and answer, and then on the answer. Under these circumstances the answer was sufficient to challenge attention of the court to its merits, and the court was authorized to deliberate and act upon it notwithstanding the fact that, under the rules of good pleading, the answer did not state a cause of action. Having authority to proceed in the case, the court had power to allow the answer to be amended. Allowance of the amendment was not challenged in the district court, and the original answer is merely an item of the documentary history of the case.

The sixth ground of the motion to vacate the judgment is that the evidence was not sufficient to support it. It was necessary that question be raised in the district court by motion for new trial, and no motion for new trial was filed. The stated appearance by the motion, although ineffective for the purpose, was special. The stated purpose of the motion was to obtain an order vacating and holding for naught the judgment which had been rendered. The

conclusion of the motion was that the judgment was void. The subject of new trial was not referred to. The journal entry of judgment denying the motion described it as one to vacate and set aside the judgment, and not as one to vacate and set aside the judgment and grant a new trial. The first brief for plaintiffs does not mention new trial, but asserts the judgment was void, and concludes as follows:

"It is therefore respectfully submitted that the judgment of the trial court in overruling appellants' motion to set aside the judgment should be reversed; that the judgment of the trial court originally rendered on the answer of appellees should be declared void and for naught held, and the entire case dismissed."

The reply brief of plaintiffs does not mention new trial. The result is the subject of new trial was not brought to the attention of the district court and is not before this court for its consideration.

The judgment of the district court is affirmed.