No. 28,542.

Margaret C. Northrup Staley et al., *Appellants*, v. David Espen-laub, Samuel Clarke and Peter Kramer, as the Board of County Commissioners of the County of Wyandotte, *Appellees.*

(275 Pac. 1095.)

Opinion denying a rehearing filed April 5, 1929. (For original opinion of affirmance see 127 Kan. 627.)

*Thomas E. Joyce,* of Kansas City, for the appellants; *Anthony P. Nugent,* of Kansas City, Mo., of counsel.

*John E. McFadden* and *Errett P. Schrivner,* both of Kansas City, for the appellees; *O. Q. Claflin, Jr.,* of Kansas City, of counsel.

The opinion of the court was delivered by

Burch, J: In a petition for rehearing it is said the case is controlled by the decisions in the cases of *Allen v. Douglass,* 29 Kan. 412; *Wright v. Bacheller,* 16 Kan. 259, and *Venable v. Dutch,* 37 Kan. 515, 15 Pac. 520. The principle announced by those decisions is in effect that an answer in ejectment used as the basis for affirma-

tive relief quieting the defendant's title must state a cause of action with the same completeness and particularity as a petition to quiet title. Of course the principle is sound as a general principle, but conditions may make the principle of no consequence in a given case. This court did its best to demonstrate that the principle was not involved in the present case. The court does not feel that anything can be added to the original opinion making the matter plainer, but the points may be recapitulated.

The answer was not attacked in the district court until after judgment. The answer was then amended. The statute conferred on the district court power to amend if there was anything amendable on file. The answer was sufficient to challenge judicial attention and action, and so was amendable. The amendment was not questioned in the district court. Therefore the judgment rested on a perfectly good answer, and the form and contents of the original answer were no longer of any consequence.

The petition for rehearing undertakes to raise a question in this court which is not involved in the appeal. The appeal was from a decision of the district court in a case in which the plaintiffs appeared generally, and which the district court was authorized to determine. Plaintiffs' reasons for wanting to dismiss were of no interest to the district court. It was trying an action to quiet title. The question presented by the appeal was whether the judgment of the district court quieting title was erroneous. The function of this court ended with the decision of that question, and the decision is adhered to.