## STALEY et al. v. ESPENLAUB et al.

District Court, D. Kansas, First Division. December 6, 1929.

No. 3245.

Anthony P. Nugent, of Kansas City, Mo., for plaintiffs.

McFadden & Claflin and Louis R. Gates, all of Kansas City, Kan., for defendants.

McDERMOTT, Circuit Judge. The plaintiffs claim to be "possessed of an equitable estate in, and by which they are entitled to the immediate possession of" certain real estate in Wyandotte county, upon which was located for many years the Wyandotte County Court House. The petition alleges that the plaintiffs are the heirs of H. M. Northrup and Margaret Northrup, who conveyed the real estate in question to Wyandotte county in 1882. It alleges that the defendants are

in possession, and prays that "the legal title to the land herein first described, now unlawfully held by defendants, be vested in these plaintiffs and that said plaintiffs have and recover the said premises and for costs." The petition further alleges that the grandmother of the plaintiffs was a full-blood Wyandotte Indian, and that she married a white man, Hiram M. Northrup, who was not entitled to membership in the Wyandotte Tribe. It alleges that Hiram M. Northrup was the patentee of the land in question, but that he fraudulently obtained the patent to the land, by virtue of misrepresentations to the government. That their Indian grandmother was an uneducated full-blood Indian and was never declared to be competent.

The answer sets up several defenses, among which is that the title to this property has been adjudicated by virtue of a decision of the District Court of Wyandotte County, Kansas, between the same parties and involving the same property. The reply alleges, as to this point, that this action involves different questions than those involved in the state court.

The parties requested that the issue of res judicata be carved out of the case and tried to the court, and on the 8th day of April, 1929, the following order was entered by this court:

"Now on this 8th day of April, 1929, it appearing to the Court that heretofore and on the 5th day of January, 1928, in the Wyandotte County, Kansas, District Court, an action of ejectment was commenced by the same plaintiffs and against the same defendants, involving the same real estate as in the within entitled cause, in which State Court action the defendants asked for affirmative relief quieting the defendants' title to the real estate described in the plaintiffs' petition, and in which State Court action in cause No. 28,-542 in the Supreme Court of Kansas, the judgment of the Wyandotte County, Kansas, District Court quieting title in the defendants to the real estate herein involved, was on February 9, 1929 affirmed (127 Kan. 627, 274 P. 261); and on April 5, 1929, the motion for rehearing in said cause was denied (128 Kan. 1, 275 P. 1095).

"And it further appearing to the Court that in the within entitled cause, being an action in ejectment, the defendants in their answer, among other defenses, pleaded that the matter of quieting title in the defendants to said real estate is res judicata, and that the judgment in the Supreme Court of Kansas is controlling on the subject of quieting title in the defendants.

"And it further appearing to the Court that jurisdiction as to the various other issues involved in the within entitled action should be reserved for the further consideration by the Court.

"Now therefore, it is by the Court ordered: That the issue between the plaintiffs and the defendants herein as to the matter of the title to the real estate involved being quieted in the defendants herein, by reason of the decision of the Supreme Court of the State of Kansas, in cause No. 28,542 in said State Court, be submitted; and that the plaintiffs be given thirty days to file their brief, and the defendants be given sixty days to file their brief; and that thereupon the matter of the said issue be set down for argument; and that as to all other issues in the within entitled cause, the Court expressly reserves jurisdiction thereof."

From the record of the proceedings in the state court, it appears that the plaintiffs brought an action for possession of the property involved; the sole ground alleged to support the issue of title tendered, was that there was an agreement made at the time of the conveyance by their ancestors, that when the property should no longer be used as a site for the court house, that it should revert. The prayer of the petition, however, is that the defendants "be ejected from the premises and that by decree of Court these plaintiffs be placed in possession of said real estate * * * and for such other and further relief as to the Court may seem just and proper."

An answer was interposed, and in the prayer the defendants affirmatively prayed that the title in the county "be quieted in the defendants as against any claim or pretended claim of the plaintiffs and any and all persons claiming by, through or under them." Prior to the trial in the state court, the plaintiffs dismissed without prejudice. Thereupon, the defendants demanded a trial on the prayer for affirmative relief. The plaintiffs and their counsel left the court room, but the trial proceeded on the prayer for affirmative relief. After such trial, the court made findings of fact, among which was a finding that the plaintiffs herein "have no interest in or title to any of the above-described property, and are not entitled to the possession thereof." The order of the court, which is the controlling feature, was that the title to property in issue "be and the same is hereby quieted in the Board of County Commissioners of Wyandotte County, Kansas, and in its successors or assigns in interest, and that the said plaintiffs Margaret C. Northrup Staley,

Mattie J. Northrup Snyder, Lillian B. Northrup Bloom, Frank A. Northrup and Andrus B. Northrup, and each of them and any and all persons claiming or to claim by, through or under them, or either of them, be and they are hereby forever barred and enjoined from claiming any interest in, or setting up any claim to the hereinabove described property or any part thereof. That the said defendant the board of county commissioners of Wyandotte County, Kansas, have judgment herein against the said plaintiffs for the costs of this action herein taxed at $————.''

This order was affirmed. by the Supreme Court of Kansas. Staley v. Espenlaub, 127 Kan. 627, 274 P. 261. Save for the question of incapacity of the plaintiffs to become estopped, which will be noticed later, there can be no sort of a question but what the plea of res judicata is good. In the briefs filed in this court, the plaintiffs expressly concede the identity of parties and identity of subject-matter. Their sole ground for denying the effectiveness of the prior judgment is upon the ground that the issues are not identical. The plaintiffs in this case assert that the issue in the state court suit was whether or not there was a reverter clause in the conveyance. In his brief in this court, counsel for plaintiffs summarizes the claims of his petition, as follows:

"Plaintiffs here contend that they are the grandchildren of Margaret. Clark Northrup, a .full blood Wyandot Indian, who was entitled to an allotment of land according to the treaties of 1842, 1843 and 1855 between the Wyandot nation of Indians and the United States and the Wyandot nation and the Delawares; that Hiram M. Northrup was a white man and not entitled to take any of the lands under the terms of those treaties and that said lands were unlawfully and wrongfully allotted and patented to him; that this was in violation of the provisions of those treaties and the patent to Hiram M. Northrup was void because issued to the wrong person and one who could not under those treaties acquire same. It then sets out that the lands in question held by defendants are part of the land wrongfully allotted to Hiram M. Northrup."

 It is apparent that the grounds to support the issue of title tendered by the plaintiffs in the two actions are entirely different. But the claims asserted in support of an issue, must not be confused with the issue. The issue in the state court was not as to the evidence or theories of law which might be brought forward by the plaintiffs in support of their claim to the title. The issue in the

state court was whether the plaintiffs had an estate in .this property, and were entitled to the possession thereof. The plaintiffs asserted they did, and, the defendants said they did not. That is the identical issue in this case, the plaintiffs asserting title, and the defendants denying it. The parties being identical, the property being identical, and the issue being identical, it is academic that the judgment is conclusive not only of all matters that were actually litigated, but of all matters which might have been litigated. In the recent case of Rishel v. McPherson County (10 C. C. A.) 34 F.(2d) 250, 252, the plaintiff asserted that a deed through which the defendant claimed title was void. The defense was res judicata, to wit, a decision of the Supreme Court of Kansas (122 Kan. 741, 253 P. 586), that a will through which the defendant claimed title, was valid. The same. argument was made there as is made here. The Court of Appeals held that the issue was the plaintiff's claim of title, and held—

"It is settled law that, where a second action involves the same claim or demand, the judgment is conclusive as to all questions that were or might have been determined, and that, if it involves a different claim or demand, only those matters actually determined are concluded. Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Pierce v. National Bank of Commerce (C. C. A.) 268 F. 487; Baltimore Steamship Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069.''

A great variety of cases on this subject are gathered in the decision of the Eighth Circuit Court of Appeals in United States Fidelity & Guaranty Co. v. McCarthy, 33 F. (2d) 7. The cases there cited start with the leading case of Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, and include Baltimore Steamship Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069.

An interesting case is that of Calaf v. Calaf, 232 U. S. 371, 34 S. Ct. 411, 412, 58 L. Ed. 642, where in the former suit the plaintiff undertook to establish filiation on one ground and in the present suit undertook to establish filiation on an entirely different ground. The Supreme Court held that it made no difference, and said:

"But these differing allegations are simply different means to reach the same result—the possession by Ramon of the rights of a natural son; and the evidence offered in this case like the allegations in the former one was only of private acts. In these circumstances the true principle has been declared by this court to be that a judgment or decree bars all grounds for the relief sought. · Northern

P. R. Co. v. Slaght, 205 U. S. 122, 130, 131, 51 L. Ed. 738, 741, 27 S. Ct. 442; United States v. California & O. Land Co., 192 U. S. 355, 358, 48 L. Ed. 476, 478, 24 S. Ct. 266."

Cases may be cited almost without number, but it is needless. The confusion all springs from the proposition that the plaintiffs assert that the issue in the former case was the claim which they therein made to support their title. But the issue in the former case was their title. Counsel quotes from 34 C. J. 921, and cases there cited. The part quoted is subhead "c," under a general head (1), which has to do with the adjudication of particular facts in actions between the same parties, where the issues were different. From the same article and the same work, the rule is several times stated that if the issues are identical, all matters are adjudicated which were determined, or which might have been determined. The confusion may be cleared up by an illustration: I am sued on a note. I allege I paid it, and the plaintiff denies it. I lose. The issue is liability on the note. I cannot enjoin the judgment to set up the defense of fraud in procuring the note, or failure of consideration, or anything else. But if I am sued on one note, and set up failure of consideration, which defense is litigated, and I lose; and later the same plaintiff sues me on another note of the same series given for the same consideration, while the issue is now different, the former decision bars me from setting up failure of consideration, but not fraud or payment. The issue in this case is the title of plaintiffs to this property, and not the particular claim which plaintiffs choose to assert as the basis of their title.

It would make no difference whether the plaintiffs knew of the new claim to support their title at the time of the first action or not. The state court might, by appropriate proceedings, grant a new trial for the purpose of newly discovered evidence, but the federal court cannot grant a new trial of an action in the state court, on that ground. It is worthy of notice, however, that the petition in this case alleges that the plaintiffs discovered their new claim of title in November, 1927, and that the judgment in the Wyandotte county court was not passed until the 14th day of May, 1928.

■■ The plaintiffs undertake to avoid this inescapable conclusion from the authorities, by claiming that restricted Indians cannot by any device, transfer property prior to the termination of their restrictions. This is settled law. Goodrum v. Buffalo (8 C. C. A.) 162 F. 817. I fail to see any room for the application of that principle in this case. It appears that the patent of this land was issued to the grandfather, who was a white man, and the defendants do not claim that he was ever restricted. The title devolves through the grandfather. The land was not patented to the grandmother and the fact that she might have been restricted, has nothing to do with the case. It is, of course, also true that only the government can set aside patents. They are not subject to collateral attack. Plaintiffs' request of this court, as I understand it, is that it should set aside this patent issued in 1859, allot this land to the grandmother as of that date, and issue a new patent to her. This court has no such power. The petition does not allege that plaintiffs' names appear on any enrollment, approved by the Secretary of the Interior, and who are restricted by statute. The plaintiffs do not allege that they are restricted Indians. The estoppel is not set up against the grandmother nor any restricted Indian. Nor is there any allegation that there is at the present time any restriction on part-blood heirs of Wyandotte Indians. But all that is beside the point. The plaintiffs' title came to them through their grandfather, a white man, the patentee of the government. Any claim that they now have to buttress their title, by virtue of the allegations as to the fraudulent issue of a patent, or any other matter, could have been set up by them in reply to the cross-petition to quiet title in the state court. Having failed to do that, they cannot re-litigate the issue here.

Security of property interests requires that there must be an end to litigation some time. If parties claiming the ownership of real estate, may bring successive actions in ejectment for the same property against the same defendants, as long as their ingenious counsel can think up new claims of title, titles to real estate would be in a precarious condition.

The plea of res judicata is good and a judgment may be entered accordingly.