98

**STALEY et al. v. ESPENLAUB et al.** *

**No. 268.**

Circuit Court of Appeals, Tenth Circuit.

Sept. 2, 1930.

Anthony P. Nugent, of Kansas, City, Mo., for appellants.

Louis R. Gates, of Kansas City, Kan. (Blake A. Williamson, of Kansas City, Kan., on the brief), for appellees.

Before LEWIS and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge.

This suit was brought by appellants to establish their title to and for possession of described real estate in Wyandotte county, Kansas. Prior thereto the same plaintiffs had sued the same defendants on the same cause

*Rehearing denied October 24, 1930.

of action in the state court, and the court below sustained a plea of res adjudicata based on the judgment of the state court in the prior suit, which had been affirmed. Staley et al. v. Espenlaub et al. (Board of County Commissioners), 127 Kan. 627, 274 P. 261.

The history of the case in the state court is this: It was instituted in January, 1928. The answer of defendants, in addition to denials, plead title in them and prayed that it be quieted. When that case came on for trial, which was two days after this suit was instituted in the federal court, plaintiffs dismissed their suit in the state court, but the court retained that case on defendants' answer, in so far as affirmative relief was sought, received defendants' proof, permitted an amendment of defendants' plea for affirmative relief, and entered a decree quieting title to the property in defendants. Plaintiffs did not participate in that trial. Later they went back into the state court and moved to vacate the decree, which being denied they appealed to the Supreme Court; and, as said, that court affirmed the action of the state district court. For appellants it is contended the original answer in the state court was insufficient as a basis for affirmative relief, that it was not amended and made sufficient until after plaintiffs had dismissed, that their dismissal took the whole controversy out of the state court and the answer could not be amended thereafter. But those questions were taken to the state Supreme Court on appeal by the plaintiffs in that case, who are appellants here, and decided against them. The state courts applied the liberality of its Code practice in the construction and amendment of pleadings. We cannot say there was a denial of due process. There was not only jurisdiction over the parties on the defendants' counterclaim in the state district court, but plaintiffs there came in and submitted themselves to the jurisdiction of those courts on their objections, then and now here raised, to the procedure taken. This is a collateral attack on a final judgment, which operates as a bar to the present suit. It must fail. In Bryan v. Kennett, 113 U. S. 179, 5 S. Ct. 407, 28 L. Ed. 908, the plaintiffs brought ejectment in the federal court, and one of the defenses was estoppel by decree of a state court on a bill to quiet title. On page 198 of 113 U. S., 5 S. Ct. 407, 415, the court said this of the decree pleaded and its effect:

"According to the settled principles of law, the plaintiffs are thereby estopped from asserting, in this collateral proceeding, any interest in the premises in controversy ad-

verse to that of the defendants. It is not subject to collateral attack, because there is nothing on the face of the record which shows any want of jurisdiction in the court that rendered it. It was and is conclusive as to all the parties to that suit, and their privies, until reversed or modified on appeal, or unless, in proper time, it had been impeached, in some direct proceeding, and set aside or annulled."

Again, in Central Trust Co. v. Seasongood, 130 U. S. 482, 492, 9 S. Ct. 575, 578, 32 L. Ed. 985, the court, in referring to a judgment entered by a State court prior to institution of the suit in the Federal court, said:

"That decree, even if erroneous, was binding upon all the parties to the suit in which it was rendered, until modified or reversed by the supreme court of Ohio. It was not open to collateral attack by any of those parties in a separate suit brought by them in the circuit court of the United States after the jurisdiction of the State court attached."

And in the late case of Grubb v. Public Utilities Com., 281 U. S. 470, 475, 50 S. Ct. 374, 376, 74 L. Ed. 972, that court again said:

"The case in the state court was so far identical with the suit in the federal court as respects subject matter and parties that there can be no doubt that the judgment in the former, unless invalidated by some jurisdictional infirmity, operated to bar the further prosecution of the latter."

The judgment is affirmed.