No. 19,843.

C. H. REED, *Appellant,* v. GEORGE H. BOSTLEMAN, *Appellee.*

### SYLLABUS BY THE COURT.

VENDOR AND PURCHASER—*Breach of Contract—Action—All Issues Involved Should Have Been Determined.* The purchaser under a contract involving an exchange of property performed on his side. He was not to receive the property coming to him until he paid a note given to the vendor. After default in payment of the note the vendor brought an action to quiet his title to the property he was to convey, the contract having been filed for record. The answer was that the contract was procured by the vendor's fraud and that the vendee was entitled to rescission, cancellation and damages. The court found there had been no fraud and ordered the vendor to convey, but refused to make any adjudication respecting the note. *Held,* the petition and answer brought before the court the entire transaction, the entire controversy should have been adjudicated, and nothing involved in it should have been left undetermined which might furnish the foundation for future litigation.

Appeal from Decatur district court; WILLIAM S. LANGMADE, judge. Opinion filed April 8, 1916.   Reversed.

*G. A. Spencer,* and *David Ritchie,* both of Salina, for the appellant.

*W. R. Mitchell,* of Mankato, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to determine the rights of the parties to a contract for the exchange of property. The plaintiff agreed to convey a tract of land in Kansas to the defendant. The defendant agreed to convey land in Nebraska and to transfer other property in Nebraska to the plaintiff. Besides this, the defendant agreed to make a cash payment, give his note to the plaintiff for $1750, and assume a mort-

gage on the Kansas land. The contract provided that the plaintiff should not convey the Kansas land until the defendant paid the note and that if the note were not paid when due the defendant should forfeit all money paid and property transferred to the plaintiff. The defendant gave the note, made the cash payment, and conveyed and transferred the Nebraska property. When the note became due he refused to pay it. The plaintiff then brought suit to enforce the forfeiture provided for in the contract and to quiet his title to the Kansas land, the defendant having filed the contract for record. The defense was that the plaintiff was not entitled to enforce forfeiture, that the contract had been procured by fraud, and that the defendant was entitled to rescission, cancellation and damages. After a trial the court found the contract had not been induced by fraud, and stated the following among other conclusions of law.

"*Second:* A provision for forfeiture should not be enforced when it is inequitable to do so, or when the amount is not of proportion to the loss sustained by the party claiming the forfeiture.

"*Third:* No fraud in the procurement of the contract being shown, it should be enforced to the extent that the deeds to the Kansas land be delivered to the defendant, and his title quieted therein.

"*Fourth:* The prayer of the plaintiff to quiet title should be denied."

The judgment was that the plaintiff convey the Kansas land to the defendant. The plaintiff asked that he be given a lien on the Kansas land for the amount of the note with right to sell as upon execution. The request was denied, and the court declined to make any adjudication whatever respecting the note. The plaintiff appeals.

The note is an enforceable obligation against the defendant or it is not. If it is enforceable the amount of it should be declared to be a lien upon the Kansas land. If it is not enforceable it should be delivered up and canceled. The judgent of the district court should not have halted in the solution of the rights of the parties, but should have put an end to the entire controversy.

The defendant argues that the plaintiff framed his own case, demanded relief which equity forbids should be granted, and consequently can not complain because the court did not award some other relief. The petition and the answer, however, brought before the court the entire transaction and all

the differences between the parties respecting it. When this was done the statements in the petition and answer of the relief to which the pleaders supposed themselves to be entitled became of minor importance. The policy of equity to make a full and complete adjudication of any subject presented for adjudication, the policy of the revised civil code to avoid a multiplicity of suits and to make one complete adjustment of disputes between litigants, and justice to the plaintiff and defendant under the particular circumstances of this case, all required that the court should leave nothing undetermined which might be the foundation of further litigation respecting the transaction investigated.

The findings of fact and conclusions of law already stated will stand, but the cause is remanded to the district court to proceed further in accordance with this opinion.