No. 35,071

The Eberhardt Lumber Company, *Appellee*, v. Napoleon L. Lecuyer, Elizabeth Amanda Ashton, Sidney DePriest et al. (Elizabeth Amanda Ashton, *Appellant*).

(110 P. 2d 757)

Opinion filed March 8, 1941.

*W. B. Crowther, Morris Johnson* and *H. N. Eller,* all of Salina, for the appellant.

*C. W. Burch, B. I. Litowich, LaRue Royce, L. E. Clevenger, E. S. Hampton* and *R. E. Haggart,* all of Salina, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was a quiet-title suit. Plaintiff prevailed, and one of the defendants appeals.

The instant action was filed in Graham county March 28, 1938. Appellant's principal contention is that a real-estate foreclosure judgment rendered in 1928 in Saline county, upon which appellee's title is based, was void for want of jurisdiction. In the Saline county action land in both Saline and Graham counties was involved. The instant action concerns only the land in Graham county.

Appellant in the instant action, Elizabeth Amanda Ashton, and her husband were the only parties defendant in the Saline county action. They were residents of Saline county, were served with process there and appeared by motion to have the petition made definite and certain. Thereafter their attorney withdrew the motion and personally withdrew from the action. There is nothing in the record to indicate, and appellant does not contend, she did not know he withdrew from the action. Defendants did not answer but permitted the judgment of foreclosure on the Graham county land, now complained of, to be rendered.

The foreclosure action was not instituted by the plaintiff in the instant case, but by one C. F. Eckelman. The Ashtons had purchased from Eckelman lots in the city of Salina on a written contract. The Ashtons made default in the installment payments due under the terms thereof. In connection with an attempted adjustment of their contractual relations pertaining to the purchase of lots in Saline county, the Ashtons agreed to execute a note in the sum of $1,000, which note was evidence of only a part, approximately one-half, of the total contractual consideration for the purchase of the lots in Saline county. As a part of the same transaction as the $1,000 note, the Ashtons agreed to execute and deliver to Eckelman a real-estate mortgage on the Graham county land in order to further secure the payment of the $1,000, represented by the $1,000 note. The Ashtons executed and delivered to Eckelman the $1,000 note and mortgage. A short time later they requested to see the note and mortgage. Eckelman responded to their request. The Ashtons destroyed the instruments. The action in Saline county was promptly instituted. Judgment was rendered enforcing Eckelman's lien on the lots in the city of Salina. Those lots were ordered sold first and the period of redemption was fixed at six months. The mortgage on the land in Graham county was ordered foreclosed and sold to pay any balance remaining due and unpaid after applying the proceeds from the sale of the lots in Saline county. The Graham county land was sold to Eckelman at sheriff's sale. The sale was promptly confirmed and a certificate of sale was issued and delivered to Eckelman. The period of redemption on the Graham county land was fixed at eighteen months. Eckelman assigned his certificate of purchase to the Eberhardt Lumber Company, plaintiff and appellee in the instant action. The Graham county land was not redeemed and appellee, in the instant action, in due time ob-

tained a regular sheriff's deed from the sheriff of Graham county. Appellee went into possession and has paid the taxes continuously since and including the year 1929. Eckelman had paid the taxes for the years 1927 and 1928 at the time of purchase at sheriff's sale.

Appellant urges various alleged trial errors in the Saline county foreclosure action. It appears there may have been, and probably were, some trial errors in the Saline county action. No appeal, however, was taken by the defendants from the judgment of foreclosure or from any order or ruling touching the proceedings which culminated in the sheriff's deed. Manifestly the time for appeal from the judgment, orders or rulings, if in fact erroneous, has long since passed and appellant could not now urge such trial errors even though he had now perfected a direct appeal.

We shall not dwell upon the various alleged trial errors in that action. In passing, however, it may be well to again direct attention to a few well-established principles. It is, of course, elementary that a court cannot be vested with jurisdiction it does not possess. If, however, jurisdiction exists, then manifestly it cannot be restricted to power to decide a case rightly. Jurisdiction includes also power to decide a case wrongly. (*Manley v. Park,* 62 Kan. 553, 562, 64 Pac. 28; *Thompson v. Terminal Shares,* 89 F. 2d 652; 21 C. J. S., Courts, § 27.) Since jurisdiction embraces power to render a wrong judgment, it obviously includes power to err on every issue or question involved in the action. Admissibility of evidence is one illustration in the instant case. The issue of whether the debt was due and payable is another. The claim a debt is due may not contain a shadow of merit. Judgment on the claim, unappealed from, will, however, in time become unassailable. (*Whiteman v. Cornwell,* 100 Kan. 234, 237, 164 Pac. 280.) Numerous other illustrations of trial errors which can be corrected only by appeal, will readily suggest themselves to the reader. They need not be detailed.

The real estate involved in the Saline county action consisted of separate tracts of land situated in two counties, Saline and Graham. Both tracts were mortgaged to secure payment of at least $1,000 of the total indebtedness. The district court of Saline county had jurisdiction of the subject matter. (G. S. 1935, 60-502, and cases cited.) Valid service was had on both defendants in Saline county. It is unnecessary to discuss the interesting contention of appellee that failure on the part of plaintiff to sue on the Graham county

mortgage in the Saline county action would have prevented a later suit thereon for the reason that a later suit would have violated the rule against splitting causes of action. The cause of action was not split and that question, although interesting, is of course not before us now.

Careful consideration of the record compels the conclusion the jurisdictional issue resolves itself into the narrow question of the sufficiency of the petition in the Saline county action.

Appellant urges the petition did not contain sufficient facts to constitute a cause of action for the foreclosure of the mortgage on the Graham county land, no issues were joined on such cause of action and the prayer discloses such relief was not sought. Appellant insists the action was in personam and designed to compel restoration of the destroyed note and mortgage and to compel specific performance. Of course, no issues were joined for the reason no answer was filed. The prayer is no part of the cause of action and can be of assistance only for the purpose of tending to indicate the relief to which the pleader may think he is entitled. It does not determine the relief to which he is entitled or which ultimately will be decreed. (*Eagan v. Murray,* 102 Kan. 193, 170 Pac. 389.) In order to determine the relief which might be granted we must look to all the pleaded facts. An examination of the instant petition and prayer indicates that restoration of the destroyed instruments and specific performance of the contract probably was uppermost in plaintiff's mind when the petition was filed. We encounter difficulty, however, in saying that such was the only relief plaintiff had in mind. The petition clearly tends to indicate a confusion of theories on the subject of relief. The motion to make the petition definite and certain was withdrawn. No demurrer thereto was interposed. The action was permitted to go to judgment without either the sufficiency of the petition or the sufficiency of the evidence being challenged. The petition, among other things, specifically alleged: The existence of the total indebtedness; the execution and delivery of the $1,000 note and mortgage on the Graham county land; that the mortgage was given as collateral security for the payment of the contracts (copy of the note and mortgage were attached to and made a part of the petition); that plaintiff was the legal owner and holder of the note and mortgage; that the debt was past due and payable and that plaintiff had a lien on the Graham county land by virtue of the mortgage. The court found from the evidence these facts were true, as

alleged, and decreed the foreclosure of the mortgage. Other statutory steps culminating in the sheriff's deed followed in normal succession.

Can appellant, under these circumstances, collaterally attack the sufficiency of the petition to state a cause of action for the relief granted? This court has long been committed to the doctrine that a petition which states no cause of action will sustain a judgment, good against a collateral attack, "if it contains sufficient matter to challenge the attention of the court as to its merits." (*Investment Co. v. Wyandotte County*, 86 Kan. 708, 709, 121 Pac. 1097, and cases therein cited.) See, also, *Head v. Daniels*, 38 Kan. 1, 15 Pac. 911; *Wyandotte County v. Investment Co.*, 80 Kan. 492, 103 Pac. 996; *McPherson v. Martinson*, 115 Kan. 828, 829, 224 Pac. 907.

In the case of *Harnden v. Hadfield*, 113 Kan. 525, 215 Pac. 441, which was an action for the rescission of a contract, this court said:

"Appellant complains of the judgment in that, instead of requiring a rescission, that is, a return of the plaintiff's property to him, and reimbursement to the appellant for improvements, the judgment required appellant to take back the $1,500 mortgage, but also to keep the residence property in Garden City and gave plaintiff a judgment against appellant for $1,500 and made the same a lien upon the Garden City residence property. The rule is well settled in suits in equity for specific performance, cancellation of instruments, or rescission, a court of equity having acquired jurisdiction of the parties and the property, on finding that it would be inequitable to grant the specific relief prayed for, retains jurisdiction to enter such judgment and decree as is equitable under all the circumstances of the case, even though that requires the rendering of a personal judgment and making it a lien upon specific property." (p. 528.)

In *Asling v. McAllister-Fitzgerald Lumber Co.*, 120 Kan. 455, 244 Pac. 16, 46 A. L. R. 1127, it was stated:

"The trial court, sitting as a court of equity, may deal with the situation in accordance with its own good judgment and discretion as to what justice demands." (p. 461.)

In *Wyandotte County v. Investment Co.*, supra, the issues were joined by appropriate pleadings and the defendant failed to appear for trial. At a third term of court after the judgment had been entered defendant moved to vacate and set aside the judgment on the grounds the court was without jurisdiction to render it, that the petition stated no cause of action and that the judgment was utterly null and void. The motion was denied and the ruling was affirmed on appeal. This court said:

"The defendant, having been summoned into court, was compelled to take cognizance of all subsequent proceedings, and if it was aggrieved by the action of the court its remedy was by appeal; and it could not lie dormant until all remedy in the way of appeal had become unavailable and then go into court and ask that the judgment be set aside as void. (See *Brenholts v. Miller,* ante, p. 185; *Manley v. Park,* 62 Kan. 553; *Rowe v. Palmer,* 29 Kan. 337; *Walkenhorst v. Lewis,* 24 Kan. 420; *Head v. Daniels,* 38 Kan. 1.)" (p. 495.)

See, also, *Royse v. Grage,* 138 Kan. 779, 781, 28 P. 2d 732.

The defendant, Sidney DePriest, has not appealed from the judgment and it is probably unnecessary to touch upon his alleged interest. We shall, however, do so briefly. The mortgage on the Graham county land was promptly recorded in the office of the register of deeds of that county. The petition in the Saline county action alleged the filing of notice *lis pendens* in the office of the register of deeds of Graham county immediately following the filing of the petition in Saline county. A deed to the Graham county land was thereafter delivered by appellant to the defendant, Sidney DePriest. Appellant now concedes that deed was in fact only a mortgage. In the Saline county judgment it was decreed such notice was binding upon defendants and all of their assigns subsequent to the recording of the notice. DePriest has at no time attacked that portion of the judgment and no one has appealed therefrom. That portion of the judgment, as well as other portions thereof, was not a nullity, and it is too late to disturb it ten years later.

Studious examination of cases cited by appellant convinces us they are not inconsistent with the views herein expressed. The result is we are obliged to affirm the instant judgment quieting title to the Graham county land in appellee. It is so ordered.