No. 38,818

CHARLES L. BEAL and LUCILLE BEAL, *Appellees and Cross-Appellants*, v. HAROLD DEAN DILL, *Appellant and Cross-Appellee.*

(252 P. 2d 931)

Opinion filed January 24, 1953.

*John A. Etling,* of Kinsley, argued the cause, and *W. N. Beezley,* of Kinsley, was with him on the briefs for the appellant and cross-appellee.

*A. L. Moffat,* of Kinsley, argued the cause, and *H. F. Thompson,* of Kinsley, was with him on the briefs for the appellees and cross-appellants.

The opinion of the court was delivered by

HARVEY, C. J.: Plaintiffs brought this action for a decree holding invalid the provisions of a written lease for an extension of the term of the lease after the first year and praying for the cancellation of the lease and possession of the premises. Defendant filed an answer to the petition and also filed a cross petition seeking specific performance. The trial court held that the provision in the lease granting to the lessee an option to extend the lease beyond the primary term was void for the reason that it was too indefinite with respect to the amount of rental to be paid for the extended term. The court also denied defendant's cross petition for specific performance. From these orders defendant has appealed. The court also denied judgment for plaintiffs cancelling the lease and for possession of the property, and from those rulings the plaintiffs have cross-appealed.

The facts are not in controversy. On May 24, 1950, plaintiffs, as lessors, executed a lease to defendant for a described room in a

business building in Kinsley for the term of one year beginning June 5, 1950.

> ". . . with the option in said lessee to extend said term for an additional three (3) years from the expiration of said primary term, upon the basis of one year at a time, and upon the terms and conditions hereinafter set out.

> "In consideration wherof, said lessee hereby agrees to pay to said lessor, his heirs or assigns, as rent for said premises, the sum of Thirty-five dollars ($35.00) per month, payable monthly, in advance, provided however, that if upon the expiration of said primary term, said lessee shall elect to exercise his option to extend this lease as above provided, *said rental shall be subject to reasonable adjustment, up or down, depending upon general business conditions then existing.*" (Our italics.)

The lessee paid $35 per month for the one year, which was the primary term of the lease, and advised the lessors that he elected to extend the term of the lease for an additional year, and that he was willing to meet with the lessors to work out an adjustment if conditions warranted any change in rental. There may have been some conferences or correspondence between the parties not shown by the abstract, which does show that the lessors advised the lessee that if he desired to continue the lease for another year he might do so at a rental of $50 per month, which the lessors considered a reasonable adjustment of the rental for the second year. Without the record showing any reply to that the lessee kept sending checks at the rate of $35 per month. Some of these were returned by the lessors, others were kept without being cashed.

Appellant submits for our consideration the single question: "Are the provisions of the lease for extension of the term void for uncertainty?" In 51 C. J. S. 597, the black letter rule is stated thus:

> "The terms of an extension or renewal, under an option therefor in a lease, may be left for future determination by a prescribed method, as by future arbitration or appraisal; but merely leaving the terms for future ascertainment, without providing a method for their determination, renders the agreement unenforceable for uncertainty."

See, also, 35 C. J. 1009 and 32 Am. Jur. 810, § 965, to the same effect. These general authorities cite a number of cases dealing with the various aspects of the question. Counsel for appellant also call our attention to the annotations in 30 A. L. R. 572; 68 A. L. R. 157, and 6 A. L. R. 2d 448. The cases cited in these annotations for the most part hold that when the terms for renewal of the lease are left for future ascertainment, without providing a method for their determination, they are unenforceable. There are a few in which the court has construed the language used in the

lease in such a way as to present a question for judicial determination. In such cases the courts have taken evidence to determine what rent should be paid for the extended term. These cases have been chosen by counsel for appellant and presented in support of his contention that the court should have heard evidence in this case as to what should be the rental for the second year. However, none of the cases cited on behalf of appellant uses the language of the lease before us. If these relatively few cases can be relied upon as supporting a minority rule, which may be questioned, appellant concedes that he is relying upon a minority rule. The great majority of the cases are in harmony with the rule above quoted from C. J. S. We think the trial court correctly held the language used in the lease to be too indefinite to be enforceable, and that the court correctly denied defendant's request for specific performance.

We turn now to the cross-appeal of plaintiffs. We take note of the following portions of the abstract. The lease was "for a term of one year to commence on the 5th day of June, 1950," and contained among others the following covenant:

". . . said lessee agrees that upon the expiration of said lease, or extended period, he will give peaceable possession thereof and surrender said premises in like condition as when taken, ordinary use and wear and damage by the elements excepted."

In the petition plaintiffs prayed

". . . for a judgment and decree of said court cancelling said written lease, decreeing the said written lease to be unenforcible as a lease on or after June 5, 1951, and for the eviction of defendant from said premises, and for such other and further relief as the court may deem proper."

The journal entry of judgment shows, after the court had held the provisions of the lease granting the lessee the option to extend the lease beyond the primary term of one year to be void, the following:

"And now said plaintiffs move the court for the further judgment in favor of plaintiffs cancelling said lease and for possession of the real estate in said lease described, which said motion is by the court overruled."

The cross-appeal is from overruling that motion.

In this court the cross-appellants contend the court erred in not giving them the additional relief which they requested. We think the point is well taken. By the court's judgment there was no valid extension of the lease after the primary term, which ended on June 5, 1951. We see no reason why the lessee should be permitted to remain in the property after his lease had expired, particularly in

view of the fact that the lease contained his covenant that he would give possession on the expiration of his lease.

The rule is well settled that when the court has before it all the property involved, all the parties claiming rights thereto, and their respective claims, the court should complete the determination of their respective rights and make an appropriate decree so as to avoid future litigation, as far as possible. See *Reed v. Bostleman,* 97 Kan. 633, 156 Pac. 718; *Haston v. Citizens State Bank,* 132 Kan. 767, 297 Pac. 1061; *Hawkins v. Smith,* 153 Kan. 542, 111 P. 2d 1108; *Frey v. Willey,* 161 Kan. 196, 166 P. 2d 659; *Hultz v. Taylor,* 163 Kan. 180, 181 P. 2d 515; *Ames v. Ames,* 170 Kan. 227, 225 P. 2d 85.

The result is that the judgment of the court should be affirmed upon lessee's appeal and should be reversed upon lessor's cross-appeal, with directions that the trial court enter an order in favor of plaintiffs, cancelling the lease, and for their immediate possession of the real estate described in the lease.

It is so ordered.