No. 40,409

F. M. GARNES, *Appellant,* v. ALDEN M. BARBER and GOLDIE A. BARBER, *Appellees.*

(308 P. 2d 76)

Opinion filed March 9, 1957.

*Harry C. Blaker,* of Pleasanton, argued the cause and was on the briefs for the appellant.

*Howard Hudson,* of Fort Scott, argued the cause, and *Douglas Hudson* and *Douglas G. Hudson,* both of Fort Scott, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiff, F. M. Garnes, commenced this action against defendants, Alden M. Barber and Goldie A. Barber, in the

district court of Linn County, which county was then the residence of all parties, seeking the cancellation of a deed to his forty acre farm home, which he had executed to defendants pursuant to the terms of an oral agreement, and an accounting in connection with a written agreement between the parties for the farming operation of such tract, and additional tracts of real estate owned by him approximating 362 acres.

The facts on which the parties rely to sustain their respective positions, as well as all issues involved, appear from the following highly summarized statement of the hereinafter mentioned pleadings.

The amended petition, containing two causes of action, alleges that on or before July 7, 1952, plaintiff, who was then about eighty years of age and a widower, and defendants entered into an oral agreement whereby it was understood and agreed that defendants were to move to plaintiff's farm home in Linn County and were to there care and provide for plaintiff and furnish him with suitable and proper home, lodging, food, laundry and care for and during his natural lifetime, in consideration of which plaintiff was to convey and assure to defendants such farm home (describing it) would be their property on his death; that pursuant to such agreement, and on July 7, 1952, plaintiff conveyed such premises by a warranty deed, subsequently placed of record, to defendants, such deed containing a clause on the face thereof "Reserving to the grantor a life estate in said real estate."; that thereafter defendants appropriated the farm, and the real estate described in such deed, to their own use and failed and refused to care and provide for plaintiff in conformity with the oral agreement; and that by reason of such action there was a total failure of consideration for the deed and plaintiff should be restored to the full title, use and possession of such farm home, free and clear from any claim by either defendant.

Allegations of the second cause of action of the amended petition are to the effect that as of the date of the oral agreement and deed, mentioned in the first cause of action, the parties entered into a written agreement for farming operations of the tract of real estate on which the farm home was located and additional acreage (describing it); that pursuant to the terms of the oral and written agreements the defendants moved into the home of plaintiff and entered into and assumed full control of the real

estate; that on or about December 31, 1952, defendant Alden M. Barber advised plaintiff he owed plaintiff $87 for farming operations for the year 1952 but failed and refused to pay that sum; that thereafter and until the end of the crop year 1954 defendants continued to hold possession of all lands involved and appropriated crops, rents and profits therefrom to their own use; that since the end of such crop year defendants have continued to hold possession of the farm home, and the forty acres on which the same is located, and have failed and refused to pay or account to plaintiff therefor; and that by reason of all such facts plaintiff is entitled to an accounting of the receipts and disbursements of the operations on all the real estate, a cancellation of the farming agreement, and a dissolution of any partnership arrangement.

Under a general prayer plaintiff asked judgment cancelling the deed to the farm home and restoration to the full title, use and possession of those premises, free of all claims from defendants; for an accounting by defendants for receipts and disbursements of the operations of all the real estate; for a cancellation of the farming agreement; for a dissolution of any partnership agreement; for the cost of the action; and for such other relief as the court might deem proper.

In their answer to the amended petition defendants deny all allegations of plaintiff's first cause of action except those expressly admitted, concede the oral agreement but allege that under its terms plaintiff agreed that if they would move from their home, located near Bonner Springs to his home in Linn County, so they would be near him in his declining years that plaintiff would deed them the farm home in question in fee simple title absolute. They then allege that pursuant to such agreement they sold their own property and moved to such farm home; that notwithstanding the agreement to convey fee title absolute plaintiff, through mistake, reserved a life estate in the farm home; that said deed should be reformed to show the true intent of the parties; and that they have such other and further relief as the court might deem proper and just.

Portions of the answer relating to the second cause of action admit the execution of the written agreement for farming operations, allege that pursuant to such agreement defendants had expended the sum of $9,978.62, as set forth in an accounting marked Exhibit "A," which is attached to and made a part of such answer;

assert that they have been excluded from the real estate since 1954, except a part thereof; ask for an accounting between the parties and for judgment in such sum as shall be determined to be due and owing them from plaintiff; and pray for all other legal and equitable relief.

In response to the foregoing answer plaintiff filed a reply wherein he denied generally all allegations contained in that pleading, except admissions made therein respecting allegations of his amended petition.

With issues joined, as heretofore related, the cause came on for trial by the court which, after hearing all evidence offered by the respective parties, took the cause under advisement. Later, and on March 27, 1956, it filed its findings of fact and, based on such findings, rendered the following judgment:

"It Is Therefore Adjudged and Decreed that the deed be approved and affirmed with possession to defendants at termination of life estate.

"Defendants to remove themselves and personal property from premises by April 15, 1956. They will not remove any of the fixtures from the premises.

"The plaintiff will remove none of the fixtures which the defendants have installed from the premises.

"The defendants have judgment against the plaintiff in the sum of $1716.02."

For informative purposes it should be stated at this point that in substance the more important findings of fact, some of which we pause to here note were in the nature of conclusions of law, on which the trial court based the foregoing judgment, numbered for purposes of future reference and not as they appear in such findings, were (1) that the deed should be confirmed as originally executed; (2) that it refused to render an accounting on the written farm lease, and left the parties where they were, because such accounting was hopelessly mixed up; (3) that at the time of entering into the oral agreement the plaintiff held out an inducement that he would make his home nice and modern if defendants would come down and take care of him and that he would give them the forty acres and more as compensation; (4) that the plaintiff was the first to violate the agreement by not proceeding to fix up his home as he had agreed to do; (5) that the plaintiff spent no money on the house; (6) that the defendants then proceeded to make extensive repairs and expended their own funds in improving the property; (7) that, since it appeared the parties could no longer live together under the contract, the plaintiff having a life estate

was entitled to possession of the home; (8) that the defendants should recover what they had spent on such property in partially doing what the plaintiff agreed to do to get them down there; (9) that the defendants had expended $1836.02 in improving such home and were entitled to judgment in that amount against plaintiff, less one-half of $240 received by them from the sale of pecans from the premises in 1954 and 1955, one-half of which belonged to plaintiff.

After rendition of the judgment plaintiff filed a motion for a new trial. This motion was overruled on April 2, 1956, at which time the trial court, among other things, announced its findings of fact and previous judgment were reconfirmed. Thereupon plaintiff gave notice he was appealing from the judgment of March 27, 1956, and from the ruling denying his motion for a new trial.

Appellant's primary contention, as he frankly concedes, relates to the propriety of the money judgment rendered against him which he contends was based solely on the finding previously identified in this opinion as No. 3. We think the judgment was based on all of the findings, heretofore numbered 1 to 9, incl., and so hold. Even so claims advanced by appellant respecting this complaint are of such nature they merit attention and for that reason will be considered and disposed of.

The first contention advanced by appellant on the point now under consideration is that the decision and judgment of the trial court was outside the issues of the case and therefore it had no power or authority to render judgment in favor of appellees for moneys expended by them in making improvements on the farm home. His point on this particular question becomes more clear by reference to his brief where we find the statement "There is nothing in the pleadings or in the case which would authorize or warrant the court in rendering such a judgment.", and the further statement "In this case the only claim by either party which could have resulted in a money judgment is the request by each for an accounting on a contract for farming operations, . . ." From the foregoing statements appellant's position on this point becomes clear. It is that in an action involving the cancellation and reformation of a deed under conditions and circumstances such as are here involved the parties are required to expressly plead and make claim for expenditures made by them in connection with the property in question, otherwise the court has no power or authority to render

a money judgment against either party in determining, securing or disposing of their respective interests therein. Let us see.

Touching the status of an action, involving—as here—the cancellation and reformation of a deed to real property, we have no trouble in concluding that the case at bar sounds in equity and is to be so regarded for all pertinent purposes. Indeed this court has always held that such actions are equitable in nature. For what is perhaps our last decision on the subject see *Worrell v. West*, 179 Kan. 467, 296 P. 2d 1092, where it is held:

"The doctrine which obtains in Kansas, as in a great majority of the states, is that a conveyance of property, on consideration of agreement to furnish support, is in a class peculiar to itself, and that if a grantee in such conveyance repudiates or substantially fails to perform his agreement a court of equity may, upon the petition of the grantor, decree a cancellation of the conveyance (following *Chapman v. Warmbrodt*, 175 Kan. 125, 259 P. 2d 158)." (Syl. ¶ 3.)

Having determined the status of the action we now direct attention to what this court has said in connection with the broad and plenary powers possessed by courts in equity actions. Reference to just a few of our decisions will suffice to set this question at rest.

In *Eberhardt Lumber Co. v. Lecuyer*, 153 Kan. 386, 110 P. 2d 757, we held:

"A trial court, sitting as a court of equity, is not obliged to render the specific decree prayed for, but may render a decree in accordance with its own good judgment or discretion as to what justice demands, in view of facts pleaded and evidence adduced." (Syl. ¶ 2.)

See *Hultz v. Taylor*, 163 Kan. 180, 181 P. 2d 515, which holds:

"A trial court in a suit in equity should not enter a partial or incomplete final decree.

"In such a suit it was error for the trial court to close the case by holding only that none of the contesting litigants had sustained the burden of proof and render a judgment for costs." (Syl. ¶¶ 1, 2.)

See *Beal v. Dill*, 173 Kan. 879, 252 P. 2d 931, where we held:

"In the trial of an action, where the court has before it all the property involved, all the parties claiming rights thereto and their respective claims, the court should complete the determination of their respective rights and make an appropriate decree with respect thereto." (Syl. ¶ 2.)

And at page 882 of the opinion said:

"The rule is well settled that when the court has before it all the property involved, all the parties claiming rights thereto, and their respective claims, the court should complete the determination of their respective rights and make

an appropriate decree so as to avoid future litigation, as far as possible. ( Citing cases. )"

See, also, *Mingenback v. Mingenback,* 176 Kan. 471, 271 P. 2d 782, where it is said:

"If the facts put in issue and established by evidence entitle the party to any relief in the power of the court to give, although not demanded, it is the duty of the court to give it, and its power to do so is not conditioned upon the form of the prayer. (*Hardy v. LaDow,* 72 Kan. 174, 177 83 Pac. 401.) Equity will give whatever relief the facts warrant. (*Cowman v. Phillips Petroleum Co.,* 142 Kan. 762, 768, 51 P. 2d 988.) The distinguishing feature of equity jurisdiction it that it possesses full power to apply settled rules to unusual conditions and to mold its decree so as to do equity between the parties. (*Hultz v. Taylor,* 163 Kan. 180, 185, 181 P. 2d 515.) (pp. 482, 483.)

For other decisions dealing with the same general question and of like import see West's Kansas Digest, Equity, § 39(1); Hatcher's Kansas Digest [Rev. Ed.], Equity, §40.

Based on the foregoing authorities we have no difficulty in concluding appellant's position on his first contention lacks merit and cannot be upheld.

Appellant's second contention is that the decision and judgment was contrary to and not supported by competent evidence. Mindful of the rule announced in the foregoing decisions it must be remembered that in this type of action the district court, sitting as a court of equity, was entitled to take into consideration all evidence introduced in the case in determining the rights and obligations of the parties. Reviewing the record we have no difficulty in concluding there was ample evidence to sustain the court's findings, heretofore identified as Nos. 3, 4, 5 and 6. Moreover, the record makes it clear that such court had before it verified exhibits relating to expenditures made on the farm home by appellees and that these exhibits, particularly portions thereof relating to expenditures on such home, were admitted without objection by the parties and considered by the court in determining the amount of the judgment. Resort to such exhibits makes it equally clear that the sum total of the amounts listed as expenditures on the home exceeded the amount ultimately found by the court to have been expended by appellees in improving that property. In the face of such evidence it cannot be successfully argued the decision and judgment of the trial court was contrary to and not supported by competent evidence. We reject, not overlook, a final argument made by appellant to the effect the record discloses no evidence that he had agreed

to repay appellees for the involved expenditures. Under the decisions cited evidence of that character was not required in order to permit the trial court to render such judgment as, in its opinion, would be just and equitable under the existing facts and circumstances.

Finally appellant contends the decision reached by the trial court and the resulting judgment is unfair, unjust and inequitable. We are not disposed to labor matters pertinent to a decision of this contention. It suffices to say that after reviewing a confusing record, which we confess leaves much to be desired, we are inclined to hold, that when viewed in the light of all the perplexing problems it presents, the trial court arrived at as fair a conclusion respecting the rights and obligations of the parties as this court could have done had it been sitting as the trier of the facts. Of a certainty, we are unwilling to say its decision was so clearly wrong as to warrant a reversal of that judgment.

Having disposed of all questions raised by appellant as grounds for reversal of the judgment and finding nothing which would warrant that action the judgment must be and it is hereby affirmed.

It is so ordered.