No. 42,855

NATIONAL RESERVE LIFE INSURANCE COMPANY, *Appellee,* v. DON HAND, *Appellee,* REGAL ENTERPRISES, INC., et al., *Defendants,* and FLORA B. HANNA, Administratrix of the Estate of Tessa C. Hanna, Deceased, *Appellant.*

(373 P. 2d 194)

Opinion filed July 7, 1962.

*Thad Hanna,* of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Cliff W. Ratner, Edmund R. Learned, James R. Barr, Frank W. Hylton, R. R. Barnes* and *Tyler C. Lockett,* all of Wichita, were with him on the briefs for the appellant.

*Glenn J. Shanahan,* of Wichita, argued the cause, and *Dale M. Bryant, Morris H. Cundiff, Garner E. Shriver, Orlin L. Wagner* and *Royce E. Wallace,* all of Wichita, were with him on the briefs for appellee Don Hand.

*Ferd E. Evans, Jr.,* of Wichita, argued the cause, and *Lester L. Morris, Verne M. Laing, Ralph R. Brock, Joseph W. Kennedy* and *C. Robert Bell,* all of Wichita, were with him on the briefs for appellee National Reserve Life Insurance Company.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court overruling a motion to vacate an alleged void judgment. (G. S. 1949, 60-3009.)

Plaintiff (appellee) National Reserve Life Insurance Company will hereinafter be referred to as the insurance company, defendant (appellee) Don Hand as Hand, and defendant (appellant) Flora B. Hanna, administratrix of the estate of Tessa C. Hanna, deceased, as the administratrix.

The pertinent facts are as follows:

In May, 1957, Regal Enterprises, Inc. was the owner of the real property that is the subject of this action. Tessa C. Hanna, Jr. was a director and stockholder of the corporation. That month Hanna contacted a representative of Charles F. Curry and Company, mortgage brokers, with reference to securing a loan for Regal Enterprises to construct a motel on the real property in question. The representative advised Hanna his company had a loan-servicing client [the insurance company] that might be interested in making such a loan but only if Hanna would purchase a life insurance policy on his life in the amount of not less than $25,000 and would assign such policy to the insurance company so that in the event of Hanna's death prior to the liquidation of the mortgage indebtedness the proceeds of the policy would be applied to reduce the principal balance of the indebtedness, regardless of whether or not the loan was in default.

Hanna stated to the representative he was agreeable to purchasing a life insurance policy on the basis above indicated if the insurance company would issue a commitment to purchase a mortgage loan in the amount of $70,000 covering the real property and made to finance the construction of the motel thereon.

At the time Hanna caused the insurance policy to be issued the insurance company's agent did not have with him the assignment form and advised Hanna it would be mailed to him. Hanna promised to sign the assignment form upon receipt of it and return it to the agent, but this he failed to do.

The loan would not have been for $70,000, but would only have been for $45,000 without the agreement to buy the life insurance policy and to assign it.

The mentioned sum was loaned, as evidenced by a promissory note executed by Regal Enterprises, Inc., Flora B. Hanna, individually, and Tessa Hanna, Jr., individually, and secured by a mortgage on the real estate. The loan was subsequently assigned by Curry and Company to the plaintiff insurance company, and the policy was issued on the life of Tessa Hanna, Jr. In the life insurance policy the beneficiary was designated as "the executors, administrators or assigns of the insured."

As of January 1, 1958, payments on the loan were delinquent. Tessa C. Hanna, Jr. died March 12, 1958, before executing the assignment of the policy to the insurance company, and on November 17, Regal Enterprises, Inc. conveyed the real property to defendant Hand.

On April 23, 1958, Flora B. Hanna was appointed and qualified administratrix of Tessa Hanna's estate and inventoried the insurance policy among the assets of his estate. The company failed to pay the proceeds of the policy to the administratrix.

On May 1, 1959, Flora B. Hanna, as administratrix, instituted a separate action in the district court of Sedgwick county against the National Reserve Life Insurance Company to recover the proceeds of the policy of insurance issued on the life of Tessa Hanna, Jr., which policy was payable to his estate as beneficiary.

On May 16, the insurance company instituted this action in the district court of Sedgwick county against Regal Enterprises, Inc., Don Hand and Flora B. Hanna, administratrix of the estate of Tessa C. Hanna, Jr., deceased, to foreclose the mentioned mortgage, which was in default.

Hand filed his answer and cross petition, setting up a copy of the policy of insurance issued by the insurance company upon the life of Hanna and asserting the aforementioned facts regarding the intended assignment by Hanna of the policy to the insurance company, and seeking to have the $25,000 payable under the terms of the policy applied on the note and mortgage executed by Hanna to Curry and Company and assigned to the insurance company.

Flora B. Hanna, administratrix, filed her answer on behalf of the estate asserting in pertinent part that she was the administratrix of the estate; that administration proceedings were pending in the

probate court; that the district court neither had jurisdiction to render a judgment against the estate nor to foreclose any interest in the insurance policy or to apply the proceeds thereof to the reduction of the note and mortgage; that she had an action pending in the same court against the insurance company to recover for the estate as beneficiary under the policy the proceeds thereof and to recover the same into the assets of the estate; and that the insurance company and Hand had failed to present in the probate court, under the provisions of G. S. 1949, 59-2239, any claim they might have had against the funds due under said policy. She further alleged that the deceased made no assignment of such policy for change of beneficiary during his lifetime and that at the time of his death the proceeds became an asset of the estate.

Plaintiff insurance company, in its answer and reply to the issues raised by the various parties, alleged in substance the facts as hereinbefore related with reference to the loan and the issuance of the insurance policy conditioned on the same being assigned by Hanna in his lifetime to the insurance company to secure the loan in the event of Hanna's death. The insurance company sought foreclosing of the mortgage and an order to apply the proceeds of the insurance policy upon the indebtedness due on the note.

On the issues joined the court found in pertinent part that the insurance company was the owner and holder of the obligation which was secured by the life insurance policy upon the life of Hanna; that the life insurance policy was security for the loan and obligation; that it was the agreement of the parties to the obligation that upon the death of Hanna the proceeds of the policy were to be paid upon the unpaid principal amount of the indebtedness owed at the time of the death of Hanna; that the proceeds of the policy were to be paid to the insurance company as assignee of the policy; that the insurance company had an equitable lien upon the life insurance proceeds in the amount of $25,000 for the application and payment on said indebtedness; that the estate of Tessa C. Hanna, Jr. had no valid claim, right, or interest in and to the proceeds of the insurance policy; and that the real estate mortgage should be foreclosed upon the balance due.

Accordingly the trial court entered judgment in favor of the plaintiff, from which judgment the administratrix of Hanna's estate appealed to this court. The appeal was subsequently dismissed

by this court on the ground that no valid appeal had been perfected. (*National Reserve Life Ins. Co. v. Hand,* 188 Kan. 521, 363 P. 2d 447.)

After the mandate issued, the administratrix, under the provisions of G. S. 1949, 60-3009, which provides that a void judgment may be vacated at any time on motion of a party or person affected thereby, filed her motion to vacate that portion of the judgment against the estate of Tessa C. Hanna, Jr. that subjected the proceeds of the $25,000 insurance policy to the reduction of the judgment in the foreclosure proceedings on the ground that such portion was void and not within the district court's jurisdiction to render.

From an order of the trial court overruling this motion, the administratrix appeals.

Conceding that a party has a right under the statute to move to vacate a void judgment, this court is now confronted with the question whether or not the objectionable portion of the judgment of the trial court was void for lack of jurisdiction to render in the foreclosure proceedings. The administratrix concedes that the district court had jurisdiction of the persons and subject matter of the foreclosure action but contends the district court did not have jurisdiction to decide to whom the proceeds of the policy should be paid or applied. In effect, she argues that the policy constituted an asset of the estate and that the insurance company claiming the proceeds should have filed its claim and demand in the estate in the probate court (G. S. 1949, 59-2239). The insurance policy provided that the proceeds were to be paid to "the executors, administrators or assigns of the insured." The question presented to the district court for determination was, in effect, whether or not the policy had been assigned and the proceeds were payable to the assigns of the insured rather than to the administratrix of the estate of the insured. It appears that the trial court's holding was based upon the maxim of equity which regards that as done which has been agreed to be done, and ought to have been done. (*Hill v. Hill,* 185 Kan. 389, 396, 345 P. 2d 1015.) The evidence was undisputed that in his lifetime Hanna agreed to assign the policy to the insurance company, and, therefore, the company was the proper beneficiary to whom the proceeds were to be paid.

It must be borne in mind that the money to be paid pursuant to the provisions of the policy has at all times been in the possession of the insurance company under claim of ownership. The adminis-

tratrix recognized this fact by filing her action as administratrix of the estate against the insurance company to recover the proceeds under the terms of the policy. In that action she put in issue the question of whether or not the estate was entitled to the funds which were then in the hands of the insurance company, and in doing so she invoked the jurisdiction of the district court on that issue. In turn, the insurance company filed this foreclosure proceeding against the administratrix and others in the same court to foreclose the mortgage and apply the proceeds of the policy to the reduction of the note. In her answer the administratrix, while objecting to the jurisdiction of the court, again asserted that the proceeds of the policy were an asset of the estate.

Both of the aforementioned actions were to determine the proper application and payment of the proceeds and were both pending before the trial court. There was no actual or proper claim to be made against the estate by the insurance company, inasmuch as the money was at all times in the hands of the insurance company under claim of ownership.

This was a foreclosure of a mortgage case and an equitable action. In such actions the court may deal with the case in accordance with its own good judgment and discretion as justice demands. If the facts put in issue and established by evidence entitle the party to any relief in the power of the court to give, although not demanded, it is the duty of the court to give it. Equity will give whatever relief the pleadings and facts warrant. We have held that it is a well-settled principle of equity jurisprudence that where the court has all the parties before it, it will adjudicate upon all the rights of the parties connected with the suit, so far as it can, so as to avoid a multiplicity of suits. Courts of equity may adjust their decrees so as to meet most, if not all, of the exigencies which may arise; and they may vary, qualify, restrain and model the remedy so as to suit it to the mutual and adverse claims controlling equities, and the real and substantial rights of the parties. Courts of equity, having acquired jurisdiction of the parties and the subject matter of the suit, have the inherent power to make all necessary orders, decrees and judgments so as to settle the matters in controversy and thus prevent further litigation. (*Mingenback v. Mingenback*, 176 Kan. 471, 482, 483, 271 P. 2d 782; *Garnes v. Barber*, 180 Kan. 793, 798, 799, 308 P. 2d 76; *Gaynes v. Wallingford*, 185 Kan. 655, 347 P. 2d 458.)

In *Nelson v. Robinson*, 184 Kan. 340, 345, 336 P. 2d 415, it is stated:

". . . where a court of equity has obtained jurisdiction of a controversy on any ground it will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject matter (citing cases); . . . a trial court, sitting as a court of equity, is not obliged to render the specific decree prayed for, but may render a decree in accord with its own good judgment or discretion as to what justice demands, in view of the facts pleaded and evidence adduced (citing cases); . . . in a suit of equity where a court has before it all the property involved, all the parties claiming rights thereto and their respective claims, it should complete the determination of their respective rights and make an appropriate decree so as to avoid future litigation, as far as possible (citing cases)."

The trial court had before it all of the parties involved and their respective pleadings and claims: the two actions then pending in its court, one by the administratrix to recover assets into the estate and one by the insurance company to foreclose the mortgage, of which the administratrix was a party, and after due consideration made a complete determination of the respective rights of the parties and entered an appropriate decree so as to avoid future litigation. It cannot be said that the trial court did not have jurisdiction to enter judgment finding that the insurance company had an equitable lien upon the funds in its hands and that the proceeds of the insurance policy never became an asset of the estate of Tessa C. Hanna, deceased, and that the estate had no right nor claim to the proceeds of the policy. The trial court did not err in overruling the administratrix' motion to vacate the judgment.

The judgment of the trial court is affirmed.

WERTZ, J. (dissenting): I cannot agree with the majority opinion of the court which fell to me to write.

G. S. 1949, 59-2239, provides in part:

". . . No creditor shall have any claim against or lien upon the property of a decedent *other than liens existing at the date of his death,* unless an executor or administrator of his estate has been appointed within one year after the death of the decedent and such creditor shall have exhibited his demand in the manner and within the time herein prescribed. . . ." (Emphasis added.)

The policy was issued by the insurance company and delivered to Hanna. The designated beneficiary was "the executors, administrators or assigns of the insured." Hanna made no change in the beneficiary nor did he execute any assignment of the policy to the

insurance company during his lifetime, and, consequently, immediately upon his death the proceeds of the policy were payable to his estate. There was no established existing lien against the policy or the proceeds payable thereunder at the date of his death. It clearly appears to me that the insurance company had no right to retain the proceeds of the policy. It was incumbent upon the insurance company to pay the proceeds of the policy according to its terms or to proceed in the probate court to establish its alleged contract or equitable lien against the proceeds of the policy. Neither the insurance company nor Hand could raise the issue of an equitable lien against the proceeds of the policy in the foreclosure action until such a lien was first established to have existed at the date of Hanna's death. To establish the fact that such a lien did exist was within the original exclusive jurisdiction of the probate court. Generally speaking, when the purpose of an action or claim is to get something out of an estate of a decedent, the probate court has exclusive original jurisdiction of the matter and the action or claim must be filed in the probate court.

I am of the opinion that the question presented in this case was decided and laid to rest by this court in *Shields v. Fink, Executrix*, 190 Kan. 17, 372 P. 2d 252, in which case, after reviewing and analyzing our previous decisions, it was stated:

"Based upon construction of various sections of the probate code, G. S. 1949, 59-2239, is construed to give the probate court exclusive original jurisdiction over the establishment of liens on a decedent's property which do not exist at the date of the decedent's death. The foregoing section of the probate code provides in substance that no creditor shall have a lien upon property of the decedent, other than liens existing at the date of his death, unless an executor or administrator of his estate has been appointed and such creditor shall have exhibited his demand in the probate court in the manner and within the time prescribed in such section."

Inasmuch as neither the insurance company nor Hand had an established lien on the policy of insurance or the proceeds thereof at the time of Hanna's death, the district court had no jurisdiction to enter a judgment applying the proceeds of the policy to the reduction of the judgment in the foreclosure action, and that part of the judgment was void.

The case should be reversed and remanded to the trial court with instructions to set aside that part of the judgment applying the proceeds of the insurance policy to the reduction of the judgment.

Robb and Fatzer, JJ., concur in the foregoing dissenting opinion.

SCHROEDER, J., concurring: I fully concur in the opinion written for the court, but feel compelled to make a few additional observations.

The question presented by this appeal is jurisdiction of the district court to adjudicate ownership of the proceeds of the $25,000 life insurance policy written on the life of the decedent.

This does not in any way affect the nonclaim statute. *There can be no lien here on property of the decedent, either before or after his death.* The property, if any, is the proceeds of the insurance policy upon fulfillment of the condition of death—the $25,000. This property does not come into existence until after the decedent's death. It is thus impossible for there to be a lien on *this property* prior to the decedent's death. Furthermore, it cannot be said to be the property of the decedent after his death. It is merely *a claim the administratrix of the decedent's estate has on the proceeds of the insurance policy* for and on behalf of the estate.

This property (the $25,000) is in the hands of the insurance company, and it claims to be entitled to keep this property. The insurance company can sit tight, do nothing, and be perfectly satisfied. Thus, the administratrix is forced to move out and initiate an action *in the district court,* as she did, in an attempt to bring this money into the estate. Jurisdiction of the district court over such an action by the administratrix must be conceded. (*In re Estate of Thompson,* 164 Kan. 518, 190 P. 2d 879; *In re Estate of Weaver,* 175 Kan. 284, 262 P. 2d 818; and *Hildenbrand v. Brand,* 183 Kan. 414, 327 P. 2d 887.) In such an action the insurance company is entitled to set up its defense. *The issue in the district court is who is entitled to the proceeds of the insurance policy.* This issue does not concern the establishment of a lien on the property of the decedent, either before or after the death of the decedent, even though the claim of the insurance company be equitable in nature.

The district court in the foreclosure action had jurisdiction over the parties to this action and over the subject matter. It had authority to make a complete determination of the respective rights of the parties to the litigation in this equitable matter upon the issues framed by the pleadings and dispose of the litigation.

JACKSON, J., concurs in the foregoing concurring opinion.