No. 43,898

MARY L. BENNETT, *Appellee*, v. R. M. LaDoux, *Appellant*.

(398 P. 2d 590)

Opinion filed January 23, 1965.

*Patrick J. Warnick*, of Wichita, argued the cause, and *Alan B. Phares*, of Wichita, was with him on the brief for the appellant.

*Harry E. Robbins, Jr.*, of Wichita, argued the cause, and *Keith Sanborn, Lyndon Gamelson*, and *Donald C. Tinker, Jr.* all of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal was commenced originally as one to quiet title to two residential properties in the city of Wichita.

Defendant's answer alleged that she was the fee title owner of the properties under general warranty deeds from plaintiff.

Plaintiff's reply admitted the execution of the deeds but alleged that at the time of their execution she was 78 years of age and was distraught over her husband's recent death, and that the deeds were executed upon the oral promise and agreement of defendant to furnish support and care for plaintiff for the remainder of plaintiff's life. The reply further pleaded a breach of such agreement by defendant and prayed that the deeds be canceled and that plaintiff's title be quieted.

Defendant's answer to the reply denied the alleged oral agreement for care and support, and pleaded that the consideration for the deeds was love and affection, in addition to other acts understood and agreed to by and between the parties.

The testimony of the parties followed generally the allegations of their respective pleadings.

In rendering judgment for plaintiff the trial court found:

"That the plaintiff deeded the property described in her Petition to the defendant with the understanding and contract that the plaintiff would be cared for for the rest of her life by the defendant, and the Court further finds that such was the intent of the parties and that the defendant did not care for the plaintiff and breached said contract and not at the fault of the plaintiff.

"The Court further finds generally for the plaintiff and against the defendant.

"The Court further finds that the defendant, the grantee in the conveyances described in the pleadings, repudiated and failed to perform her agreement and the Court finds that the conveyances of the property described in plaintiff's Petition should be cancelled and set aside, and that the title thereto should be quieted in the plaintiff and against the defendant and anyone claiming by, through or under the defendant."

Judgment was entered accordingly, and defendant has appealed.

Except for one or two matters—actually the only point in this fact case is the familiar question whether the findings and judgment are supported by the evidence.

No purpose would be served by detailing the evidence as to the relationship of the parties and concerning the transactions in question. We have read the record, and the findings are amply supported by it and therefore are binding on appeal. The principle of law involved is discussed thoroughly in *Chapman v. Warmbrodt,* 175 Kan. 125, 259 P. 2d 158, in which it was held:

"The doctrine which obtains in Kansas, as in a great majority of the states, is that a conveyance of property, on consideration of agreement to furnish support, is in a class peculiar to itself, and that if a grantee in such conveyance repudiates or substantially fails to perform his agreement, a court of equity may, upon the petition of the grantor, decree a cancellation of the conveyance." (Syl. 1.)

See also *Banks v. Banks,* 166 Kan. 15, 199 P. 2d 181, and *Worrell v. West,* 179 Kan. 467, 296 P. 2d 1092 (Syl. 3).

Having before it all the property involved and all the parties claiming rights thereto, the court had jurisdiction to determine all rights of the parties and to render an appropriate decree in accordance with the demands of justice (*Garnes v. Barber,* 180 Kan. 793, 308 P. 2d 76).

Some point is made that the court erred in permitting plaintiff to introduce evidence in rebuttal, which, it is contended, should have been offered in her case in chief. Aside from the fact that ordinarily the order of proof is purely discretionary, the record shows that prior to resting her case defendant was offered the opportunity to rebut plaintiff's rebuttal evidence. The contention is without merit.

It also is contended that after finding for plaintiff the court erred in denying defendant the right to reopen her case and to recover her own monies expended by her in assisting plaintiff.

There are several reasons why this point is not well taken. The matter was not raised by the pleadings. At the conclusion of the trial both sides rested. Defendant did not request to reopen. Her motion for a new trial was silent on the question. The first time the matter was raised was at the hearing on the motion for a new trial. In denying the motion the court commented that at the conclusion of the trial "both sides rested and wound up their cases," and denied the request to reopen for additional evidence. Under the circumstances such ruling was not erroneous, and defendant is in no position to claim that her substantial rights were prejudicially affected.

As before stated, this was essentially a fact case. The findings of the trial court are in all respects supported by the evidence, and are binding on appeal. We find no error in the record and the judgment is affirmed.

WERTZ, J., not participating.