No. 46,004

Belle Erdman, *Appellee*, v. Oda V. Sowle, Randall D. Sowle, Leota E. Sowle and Technology Fund, Inc., a Corporation, *Appellant*.

(485 P. 2d 1392)

Opinion filed June 12, 1971.

*William H. Stowell,* of Phillipsburg, argued the cause, and *Doris Dixon Stowell,* of Phillipsburg, was with him on the brief for appellants.

*Terry E. Relihan,* of Smith Center, argued the cause, and *A. W. Relihan* and *T. D. Relihan,* of Smith Center, were with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: This was an action to cancel a certificate of stock representing 1556 shares of Technology Fund, Inc., registered in the names of the plaintiff, Belle Erdman, and the defendants, Oda V. Sowle, Randall D. Sowle and Leota E. Sowle, as joint tenants with right of survivorship.

The certificate of stock in question had been purchased by the plaintiff from her own funds. It was issued to the plaintiff as a joint tenant owner with Randall D. Sowle and Leota E. Sowle pursuant to the promise and agreement of the Sowles to remain in the home with the plaintiff and care and look after her and her brother as long as they lived.

The plaintiff alleged the Sowles repudiated their agreement to care for her and her brother, and continued to claim an interest

in the stock certificate. The case was tried by the district court which made findings of fact and conclusions of law, and rendered judgment cancelling the stock certificate and vesting title to 1556 shares in the plaintiff.

The facts involved in this litigation are succinctly stated in the district court's findings of fact and conclusions of law upon which judgment was rendered. The findings of fact best tell the story of this controversy, and we quote those findings and the district court's conclusions of law in full:

### "FINDINGS OF FACT

"1. Plaintiff and defendant, Oda V. Sowle, are sisters; Randall D. Sowle is the son of Oda V. Sowle, and Leota E. Sowle is the wife of Randall. Plaintiff has a brother, Earle Zerbe, who is 74 years of age and has been retarded and incapable of supporting himself all his life. He is now in a rest home at Kensington, Kansas, where he is maintained and supported by plaintiff except for a social security payment of $36.00 per month.

"2. The defendant, Oda V. Sowle, died on July 17, 1969, and Randall D. Sowle, the sole heir of Oda V. Sowle, has been substituted as representative of her interests herein.

"3. Plaintiff is a widow of the age of 94 years; she and her husband owned and operated the Erdman Hotel in Smith Center for many years, and after the husband's death in 1953, plaintiff continued to operate the hotel. Oda V. Sowle and her husband, Eugene Sowle, moved to the Erdman Hotel in 1950 and made their home there until the hotel was sold in 1967. After the sale of the hotel the plaintiff purchased a home in Smith Center and she and her sister, Oda, and Eugene Sowle, moved to the new home and lived together until December 1968, when Oda and her husband left the home. During the more than 18 years that plaintiff and her sister and the sister's husband lived together, their relations were pleasant and harmonious and without any troubles. In February 1968, Eugene Sowle suffered an amputation of his leg, and on July 15, 1968, Oda V. Sowle suffered a stroke.

"4. The plaintiff had invested certain of her funds over a period of years in the common stock of Technology Fund, and was the owner of 1556 shares of such stock at the times mentioned herein. Following the illness of Oda V. Sowle when she suffered a stroke, Randall D. Sowle and his wife, Leota, came to the home of plaintiff, arriving there on July 16, 1968; that shortly after their arrival at the home of plaintiff, the defendant, Randall Sowle, suggested to plaintiff that the certificate for the 1556 shares of Technology Fund include therein the names of he and his wife, Leota, as joint owners, and it was then orally agreed between plaintiff and Randall D. Sowle and Leota E. Sowle that the said Randall D. Sowle and his wife, Leota, would remain in the home of plaintiff and care for plaintiff and her brother, Earle Zerbe, until they were gone, and in consideration thereof the names of Randall D. Sowle and Leota E. Sowle would be placed on the certificate for the 1556 shares of Technology Fund Stock. The name of Oda V. Sowle was also to be placed on the said certificate along with that of plaintiff, and the ownership to be in joint tenancy

with the right of survivorship. Pursuant to the aforesaid agreement the certificate Number J217202, dated July 29, 1968, of Technology Fund, Inc., for 1556 shares, was secured with the names of Belle Erdman, Oda V. Sowle, Leota E. Sowle and Randall D. Sowle set forth therein as joint tenants, with the right of survivorship. This certificate was obtained through the services of Claude Gripp, a representative of Technology Fund, who testified as a witness concerning the transaction, and whose testimony corroborated the agreement between plaintiff and Randall Sowle and his wife, as to the purpose of placing the names of Randall and his wife on the certificate in question.

"5. Pursuant to the agreement of the parties, Randall D. Sowle and his wife remained in the home of plaintiff from about July 16, 1968, to December 24, 1968, at which time they left the home and moved to a rental property in Smith Center, taking with them Eugene Sowle and Oda V. Sowle. That their leaving the home of plaintiff was without fault of plaintiff. That shortly thereafter all of the Sowles moved from Smith Center to Buffalo, Missouri. That none of the Sowles ever returned to the home of plaintiff after December 24, 1968, nor did they render to plaintiff any service of care after that date.

"6. The court finds that the said Randall D. Sowle and Leota E. Sowle repudiated their agreement with plaintiff and failed to perform the same; that they failed and refused to care for plaintiff and her brother, Earle Zerbe, and by reason of such failure and repudiation of the said agreement the said stock certificate Number J217202 should be cancelled and the title to the said shares vested in plaintiff. The court finds that the failure and refusal of Randall D. Sowle and Leota E. Sowle to comply with their agreement raises a presumption that they did not intend to comply with it in the first instance and that the agreement was invalid in its inception, (179 K. 471.)

"7. The court finds that the defendant, Technology Fund, Inc., should be directed and ordered to issue a new certificate for the 1556 shares of common stock of its company in the name of plaintiff, or in such manner as the plaintiff shall direct.

"8. The court finds that Oda V. Sowle contributed to the purchase cost of certain furnishings and personal property which is now in the home of plaintiff, and it has been stipulated by the parties that if judgment be entered against plaintiff for the payment of the sums so contributed by Oda V. Sowle, that the amount thereof shall be in the sum of $750.00. The court finds that this sum should be paid by plaintiff and that plaintiff be decreed to be the owners of all such property, and that Randall D. Sowle, the substituted party, have judgment for $750.00 against plaintiff.

"9. Defendants offered testimony concerning alleged statements of plaintiff to the effect that it was her intentions to leave all her property to her sister, Oda V. Sowle, if living, but if she was not living, then to Randall D. Sowle. The court finds that if such evidence was relevant or material herein, that it failed to prove that plaintiff ever intended to leave her property to Randall D. Sowle, nor did it prove that Randall D. Sowle had any vested right in any property of plaintiff.

## "Conclusions of Law

"The court concludes from the findings made herein that the oral agreement for the placing of the names of Randall D. Sowle and Leota E. Sowle

on the Technology Fund certificate was made and entered into, and that Randall D. Sowle and Leota E. Sowle repudiated said agreement and failed to perform the same. That the certificate of Technology Fund, Inc., Number J217202 for 1556 shares of its common stock, be cancelled and Belle Erdman be decreed to be the sole owner of said 1556 shares of stock; that the defendant, Technology Fund, Inc., be ordered to issue a new certificate for said 1556 shares of said stock in the name of Belle Erdman, or in such manner as the plaintiff herein may direct; that the defendants, Randall D. Sowle and Leota E. Sowle be barred of all claim, right, title or interest in the said shares of stock involved herein; that Oda V. Sowle, having died as herein found, has no interest or title in the said 1556 shares of stock; that Randall D. Sowle, the substituted party, have judgment against plaintiff for $750.00 for funds contributed by Oda V. Sowle toward the purchase of furnishings and personal property in plaintiff's home, and upon payment of such sum plaintiff shall be decreed the owner of all such personal property. That the costs of this action be taxed to plaintiff."

This was basically a fact case. The district court was sitting as a court of equity at the trial. It had the opportunity of observing the attitude and demeanor of the parties while testifying in their own behalf as witnesses, and to determine the existing equities as between them. In that respect, the district court was in a better position to determine the equities than an appellate court reading the cold printed pages of the record. No useful purpose would be served by detailing the evidence concerning the transaction. We have carefully read the record containing the testimony of the witnesses for both sides, and conclude the findings are amply supported by the evidence. We adhere to the rule that where the district court has made findings of fact based upon substantial evidence, such findings will not be disturbed on appellate review, notwithstanding the record may reflect evidence, which if believed, would support a contrary or different finding.

The question of law involved has been before this court in numerous cases, and the controlling principle was fully discussed in *Chapman v. Warmbrodt*, 175 Kan. 125, 259 P. 2d 158, where it was held:

"The doctrine which obtains in Kansas, as in a great majority of the states, is that a conveyance of property, on consideration of agreement to furnish support, is in a class peculiar to itself, and that if a grantee in such conveyance repudiates or substantially fails to perform his agreement a court of equity may, upon the petition of the grantor, decree a cancellation of the conveyance." Syl. ¶ 1.)

See, also, *Bennett v. LaDoux*, 194 Kan. 216, 398 P. 2d 590, and cases cited.

A district court, sitting as a court of equity, is not required to render the specific decree prayed for, but may render a decree in accordance with its own judgment or discretion as to what justice between the parties demands, in view of the pleadings, the pretrial order, and the evidence. (*Eberhardt Lumber Co. v. Lecuyer*, 153 Kan. 386, 110 P. 2d 757.) In *Garnes v. Barber*, 180 Kan. 793, 308 P. 2d 76, it was held:

"Where a trial court, sitting as a court of equity in an action to cancel a deed executed and delivered in consideration of an agreement to support the grantor for the remainder of his natural life, has before it all the property involved, all the parties claiming rights thereto, and their respective claims, it may and should determine all rights of the parties and render an appropriate decree with respect thereto in accord with the demands of justice." (Syl. ¶ 1.)

The defendants contend for the first time the plaintiff is not entitled to recission by reason of her failure to place them in status quo. The issue is not to be found in the defendants' statement of points, and for this reason it may not be considered on appeal. Rule No. 6 of this court, relating to Appellate Practice provides, in part:

". . . An issue may be raised in the statement of points regardless of whether a motion for a new trial was filed; but no issue, other than an issue going to the jurisdiction of the court over the subject matter of the litigation, may be briefed or will be considered on the appeal unless included in the statement of points . . ."

The defendants make the final claim the joint tenancy ownership of the stock was severed by the plaintiff when she filed this action. They refer to 64 A. L. R. 2d 944, 956, Anno: Joint Tenancy-Termination, and argue they are now the owners of three-fourths interest in the property. The district court rejected the claim and entered judgment vesting the plaintiff with the sole ownership of the shares of stock in question. This was within the power of a court of equity to determine, and the claim here made lacks merit. Neither Randall D. Sowle, nor his wife, Leota, had invested any money or funds in the stock, and they lost nothing. But the court's decree was not a one-way street. Judgment was entered in favor of Randall D. Sowle in the sum of $750 for certain furnishings and personal property his mother, Oda V. Sowle, contributed to the plaintiff's home in her lifetime.

Under all the facts in this case, the district court's decree was in accordance with the demands of justice, and that decree is affirmed.